UNITED STATES of America, Appellant,

v.

Frank SALDANA, Appellee.

No. 71–1453.

United States Court of Appeals, Tenth Circuit.

Jan. 7, 1972.

Ben F. Baker, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., Tulsa, Okl., with him on the brief), for appellant.

Jack J. Ferguson, Tulsa, Okl., for appellee.

Before PICKETT, HILL and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

Appellee Saldana was charged by complaint in the United States District Court for the Northern District of Oklahoma with knowingly transporting from Texas to Oklahoma fourteen aliens illegally in the United States, in violation of 8 U.S.C. § 1324(a) (2). On a stipulated record, the trial court held that the evidence of the transportation was illegally obtained by United States Immigration officials following an arrest, and sustained a motion to suppress. The United States appeals.[1]

The skimpy record was sufficient to show that on March 3, 1971 two agents of the United States Border Patrol were maintaining traffic surveillance at the state line terminal of the Will Rogers Turnpike in Oklahoma, which is located some six or seven hundred miles from the Mexican border. At about 7:00 p.m. they observed a 1969 Ford pickup truck, eastbound, stopped at the toll gate, with three occupants of Mexican descent in its front seat. One of the agents approached the truck and asked the driver-appellee to pull the vehicle over to the parking area, which he did. The agents then inquired of the passengers regarding their citizenship and in response were told, "Mexico". When asked for immigration papers, the passengers separately replied that "they had swum the river." The agents then placed the two passengers under arrest. Upon inquiry, Saldana said that he was an American citizen residing at Fort Worth, Texas and that he owned the pickup. At the request of the agents, Saldana opened the door to the camper and twelve additional aliens were discov-

1. The appeal is authorized by 18 U.S.C. § 3731.

ered who were unlawfully in the United States. Saldana was then arrested. The officers did not have a warrant of arrest nor a warrant for search.

In granting appellee's motion to suppress, the district court was of the view that the action of the immigration officers in stopping the truck was an arrest without probable cause, that the search which followed was illegal, and that the evidence discovered thereby should be suppressed.

■ The issue presented does not arise under the broad and unique powers given to customs and immigration officials at international borders and within immediate areas (8 U.S.C. § 1357), but is one of whether, under the circumstances, the brief detention for routine investigative purposes which led to a discovery of incriminating evidence was an invasion of Fourth Amendment rights against unlawful search. The law now appears to be well settled that, under appropriate circumstances, police officers in the course of their duties may approach and question persons as to possible crimes and investigate suspicious behavior, even though there are insufficient grounds for arrest. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Quinones-Gonzalez, 452 F.2d 964 (10th Cir. Dec. 27, 1971); United States v. Sanchez, 450 F.2d 525 (10th Cir. 1971); United States v. Bonds, 422 F.2d 660 (8th Cir. 1970); Anderson v. United States, 399 F.2d 753 (10th Cir. 1968); Arnold v. United States, 382 F.2d 4 (9th Cir. 1967); Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966); Murillo-Aguilera v. Rosenberg, 351 F.2d 289 (9th Cir. 1965). The court in Terry expressed the rule to be "that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio, supra, 392 U.S. at 22, 88 S.Ct. at 1880. In United States v. Sanchez, supra, this court said:

"Temporary detention for limited investigatory purposes, as well as a full blown arrest, is protected by the Fourth Amendment. Terry v. Ohio, 392 U.S. 1 [88 S.Ct. 1868, 20 L.Ed.2d 889] (1968). However, in Terry it was observed that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest, and that the test of any governmental invasion of a citizen's personal security is its reasonableness in the light of all the surrounding circumstances.

"In this same vein it has been held that probable cause to arrest requires something more than probable cause to temporarily detain for the purpose of attempting, for example, some on-the-spot questioning and that, as concerns the latter, brief detention under circumstances that would not justify an arrest is not ipso facto unconstitutional. . . ."

■ The record here shows that prior to the incident in this case approximately one hundred aliens of Mexican descent, traveling in various types of motor vehicles including trailers, had been detained at this location because they were illegally in the United States. Two uniformed immigration officers had been stationed there to check this traffic. Riding with Saldana in plain view of the immigration officers were two persons of obvious Mexican descent of whom the agents desired to make inquiry with reference to their right to be in the United States. Saldana was asked to move his car off the highway while this was done. This was a reasonable and routine discharge of the duties of competent officers and not an infringement of Saldana's rights.

It was not until after the officers learned from the two passengers that they were illegally in the United States that anything was said to Saldana. They then had probable cause to believe

that a crime was in the course of its commission. The ensuing search and arrest without a warrant were valid. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1924); Taylor v. United States, 334 F.2d 386 (10th Cir. 1964); Fowler v. United States, 239 F.2d 93 (10th Cir. 1956); United States v. Chaidez-Castro, 430 F.2d 766 (7th Cir. 1970); United States v. Freeman, 382 F.2d 272 (6th Cir. 1967); Fernandez v. United States, 321 F.2d 283 (9th Cir. 1963).

The order sustaining the motion to suppress is vacated and the case remanded for further proceedings.