UNITED STATES of America,
Plaintiff-Appellant,

v.

Juaquin A. GRANADO, Defendant-
Appellee.

No. 71–1368.

United States Court of Appeals,
Tenth Circuit.

Jan. 20, 1972.

Nathan G. Graham, U. S. Atty., and Ben F. Baker, Asst. U. S. Atty., on brief for plaintiff-appellant.

Pat Malloy, Tulsa, Okl., on brief, for defendant-appellee.

Before HILL, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Granado was charged in the United States District Court for the Northern District of Oklahoma with violation of 8 U.S.C. § 1324(a) (2), the transportation of illegal aliens by automobile from Texas to Oklahoma on February 6, 1971; violation of the mentioned statute is a felony punishable by a fine of $2,000 and/or five years' imprisonment for each alien so transported.

In pretrial proceedings the motion of Granado to suppress evidence obtained by an assertedly illegal search was granted. Thereupon, there being no remaining evidence, Granado moved to dismiss the charges and this was granted. The government is the appellant in these proceedings.

The facts which appear from the record on the motion are not in dispute. Defendant was arrested at the eastern end of the Will Rogers Turnpike in Ottawa County, Oklahoma, the location of which is about eight or nine hundred miles from the Mexican border. Granado is a United States citizen.

On February 6, 1971 Officer Cooper, an immigration agent, was on duty at the eastern tollgate of the turnpike. He

had had about 16 years' experience as a United States Border Patrol agent, and had been on this particular duty for about two weeks. During this brief time, about 100 aliens illegally present in the country had been apprehended at the tollgate, and the officer was aware of this. Officer Cooper saw Granado's car draw up to the tollgate, carrying defendant and five male passengers. The officer testified that all six looked to him like "illegal Mexicans." Cooper knew none of the men, and did not have either arrest or search warrants or prior information concerning them. He asked defendant to pull his car to the side of the road and he then proceeded to question the men as to asking them where they had come from. The defendant replied in English that he came from Texas[;] the other five replied in Spanish that they were from Mexico. Officer Cooper then placed Granado under arrest for violation of 8 U.S.C. § 1324(a) (2).

The only issue is whether the officer was justified in pulling the car over to the side of the road and interrogating its occupants; the court below held that he was not, and that therefore all information so obtained was to be excluded from evidence under the Fourth Amendment to the Constitution. The government claims that the officer's actions were justified under one or both of two immigration statutes: 8 U.S.C. § 1225 and 8 U.S.C. § 1357. However, in our view it is not necessary to consider these sections.

The distance from the Mexican border, some 800 miles, differentiates this situation from the entry into the United States which activates these provisions. The sole question here is whether there was an unlawful arrest and obtaining of

information incident to arrest which was so tainted as to render it violative of the Fourth Amendment to the Constitution of the United States and therefore inadmissible.

This court has recently determined this question contrary to the position taken by the trial court in the instant case in United States of America v. Saldana, 453 F.2d 352 (10th Cir., December 7, 1971). It was held in *Saldana* that the kind of inquiry and detention with which we are here concerned did not constitute an arrest and was not unreasonable. In reaching its conclusion the court in *Saldana* applied the Supreme Court's decision in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) which upheld temporary detention for limited investigatory purposes without a warrant and without probable cause on the basis that the invasion there involved was reasonable in the light of all surrounding circumstances. Also cited were recent decisions of this court in United States v. Gonzales, 435 F.2d 1004 (10th Cir. 1971) and United States v. Sanchez, 450 F.2d 525 (10th Cir. 1971).[1]

In the case at bar, the check or inquiry which the officer carried out was identical with that which occurred in *Saldana*. Indeed it took place at the identical tollgate and the officer's curiosity was aroused by virtually the same observations which were present in *Saldana*.

Accordingly, the action taken is subject to the very same ruling which was given in *Saldana*. Thus, as in the Saldana case, the judgment of the district court must be reversed and the cause remanded to the district court with directions to vacate the order suppressing the evidence as well as the order dismissing the charge.

1. See also Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); United States v. Chadwick, 415 F.2d 167 (10th Cir. 1969); Sablowski v. United States, 403 F.2d 347 (10th Cir. 1968); and see Carpenter v. Sigler, 419 F.2d 169 (8th Cir. 1969); United States v. Madril, 445 F.2d 827 (9th Cir. 1971); United States v. Brown, 436 F.2d 702 (9th Cir. 1970); United States v. Harflinger, 436 F.2d 928 (8th Cir. 1970); Young v. United States, 140 U.S.App.D.C. 333, 435 F.2d 405 (1970); and United States v. Fallis, 414 F.2d 772 (9th Cir. 1969).