**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor Manuel CAMPOS, Defendant-
Appellant.

No. 72-2050.**

United States Court of Appeals,
Ninth Circuit.

Dec. 20, 1972.

J. David Franklin, San Diego, Cal., for
defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen
G. Nelson, Stephen W. Peterson, Asst.
U. S. Attys., San Diego, Cal., for plain-
tiff-appellee.

Before HUFSTEDLER and TRASK,
Circuit Judges, and ANDERSON, Dis-
trict Judge.*

PER CURIAM:

Victor M. Campos appeals from a judg-
ment of conviction for violation of 21
U.S.C. §§ 952, 960 and 963, illegal im-
portation of a controlled substance, and
for violation of 21 U.S.C. § 841(a)(1),
possession of a controlled substance with
intent to distribute. We affirm.

On December 15, 1971, appellant's
vehicle was referred to secondary inspec-
tion at the regular San Clemente check-
point. When the agent approached the
vehicle to ascertain citizenship of the
occupants, he detected the odor of mari-
huana. A subsequent search of the vehi-
cle revealed several concealed kilos of
marihuana in the car.

The stop and the brief detention of
the vehicle at an authorized immigration
vehicle checkpoint were valid without re-
gard to either an articulable basis for
suspicion of illegal conduct or probable
cause. United States v. Aranda, 457
F.2d 761 (9th Cir. 1972); Fernandez v.
United States, 321 F.2d 283 (9th Cir.
1963). When the agent detected the odor
of marihuana, he then had probable
cause to conduct the search. Fumagalli
v. United States, 429 F.2d 1011 (9th Cir.
1970).

Campos argues that an observation of
his car by different agents two hours
before the checkpoint encounter provided
the agents no foundation for a stop or
detention. We do not reach the question
because, even if he were right, the Gov-
ernment did not need that justification
to validate the stop or the brief detention
made in this case.

Judgment affirmed.

---

* Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting
by designation.