**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vernon Willis BOWMAN, Jr.,
Defendant-Appellant.**

.No. 73-1271.

United States ·Court of Appeals,
Tenth Circuit.

Argued Aug. 15, 1973.

Decided Nov. 29, 1973.

---

**1230**

---

Eugene S. Hames, of Wood, Ris & Hames, Denver, Colo., for defendant-appellant.

Harris L. Hartz, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, BARRETT, Circuit Judge, and TALBOT SMITH,* District Judge.

LEWIS, Chief Judge.

Vernon Willis Bowman, Jr., was convicted on the charge of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) after a nonjury trial in the United States District Court for the District of New Mexico. He now appeals, challenging the legality of the search of his automobile which uncovered approximately forty-eight pounds of marijuana.

The events leading to Bowman's arrest took place at a so-called checkpoint station located about three miles north of Truth or Consequences, New Mexico. Bowman was stopped in the early morning hours of October 21, 1972 by United State Border Patrol Agent Bruce Goad. Bowman rolled his car window down and responded to routine questions concerning his citizenship. During the course of this conversation Agent Goad detected the odor of marijuana. He directed Bowman to pull off to the side of the traffic lane and open his trunk. When the trunk was found empty, Agent Goad proceeded to the interior of the vehicle and noticed a footlocker and a suitcase. A search of the footlocker uncovered twenty-five bricks of marijuana. A small bag of marijuana was found in the suitcase. Bowman was immediately placed under arrest.

Bowman contends that Agent Goad's search was conducted solely because he had detected the odor of marijuana and that probable cause was therefore lacking. We agree with the factual predicate of this contention and thus face directly for the first time in this circuit the question of whether the smell of marijuana alone can satisfy the probable cause requirement for warrantless searches of this nature.

In our disposition of this issue, we do not write on a clean judicial slate. It is well settled within the Ninth Circuit that smell alone is sufficient to constitute probable cause for a subsequent search for marijuana. United States v. Barron, 9 Cir., 472 F.2d 1215, cert. den., 413 U.S. 920, 93 S.Ct. 3063, 37 L.Ed.2d 1041 (1973); United States v. Campos, 9 Cir., 471 F.2d 296; Fernandez v. United States, 9 Cir., 321 F.2d 283. And in this circuit smell has been held to be a valid factor in determining probable cause for such a search. United States v. Anderson, 10 Cir., 468 F.2d 1280; United States v. Miller, 10 Cir., 460 F.2d 582.

In United States v. McCormick, 10 Cir., 468 F.2d 68, cert. den., 410 U.S. 927, 93 S.Ct. 1361, 35 L.Ed.2d 588, the court was faced with the issue of whether a customs agent had probable cause to make a warrantless search of a van at the same checkpoint as the one in the case at bar. Other factors were present in addition to the odor of marijuana and the court's language might thus be regarded technically as dicta, but the meaning is clear:

> A border patrol agent who has learned how to identify marijuana by sight or by its odor has probable cause to search and seize and to effect arrests upon discovery of marijuana in a vehicle. McCormick, *supra* at 73.

---

* Of the Eastern District of Michigan, sitting by designation.

■ We agree with this statement and hold that it properly applies to the facts of this case. The record shows that on numerous occasions Agent Goad had smelled marijuana while on duty and that he was familiar with its odor. The court below made the specific finding that Agent Goad did, in fact, detect the odor of marijuana. The search of Bowman's car was based upon probable cause.

In their briefs, both parties have called into question the applicability here of the recent Supreme Court decision in *Almeida-Sanchez* v. *United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). In that case a warrantless automobile search by a roving patrol about 25 miles north of the Mexican border, conducted without probable cause, was held to violate the fourth amendment prohibition against unreasonable searches and seizures. This type of search was held not to be justified by § 287(a) of the Immigration and Nationalization Act, 8 U.S.C. § 1357(a), which authorizes warrantless searches for aliens in automobiles and other conveyances "within a reasonable distance from any external boundary of the United States . . . ."

We conclude that the *Almeida-Sanchez* decision is inapplicable to the facts of this case. That case involved a warrantless search for aliens without probable cause which resulted in the discovery of illegally imported ·marijuana. The search of Bowman's car was a specific search for marijuana which was based upon an independent determination of probable cause.

■ We need, then, only to inquire as to the validity of the initial stopping of Bowman's vehicle. Immigration officers are authorized under 8 U.S.C. § 1357(a)(1) to "interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." The constitutionality of this provision has been consistently upheld. *Fernandez* v. *United States*, 9 Cir., 321 F.2d 283; *United States* v. *Correia*, 3 Cir., 207 F.2d 595; *United States* v. *Montez-Hernandez*, E.D.Cal., 291 F. Supp. 712. The brief detention of a motorist for the purpose of determining his nationality has also been upheld without resort to this statutory provision. *Contreras* v. *United States*, 9 Cir., 291 F.2d 63. While the *Almeida-Sanchez* decision refers to 8 U.S.C. § 1357(a) generally, it is clear from both the reasoning and language of the majority opinion that it is the limitations of 8 U.S.C. § 1357(a)(3) specifically which are brought into question, for only that subsection authorizes the search and seizure which the Court found constitutionally impermissible under the facts of that case.[1] We therefore do not read the Court's decision as challenging the right of immigration officials to make routine inquiries as to an individual's nationality.

Agent Goad's brief detention of appellant Bowman for the limited purpose of determining his citizenship was entirely justified. Bowman's car having been stopped for this purpose, probable cause for the search of the vehicle arose upon Agent's Goad's detection of the odor of marijuana. The search and seizure under these circumstances was entirely valid. *Chambers* v. *Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Carroll* v. *United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

Affirmed.

---

1. 8 U.S.C. § 1357(a)(3) provides:

(a) Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant—

(3) within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle . . . .