302 So.2d 481 (1974)
Arthur Herbert PORTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-400.
District Court of Appeal of Florida, Third District.
October 29, 1974.
*482 Phillip A. Hubbart, Public Defender; Koeppel, Stark, Marks & Newmark, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
The Defendant was charged by information with the crimes of possession of cannabis and carrying a concealed weapon. Following a trial by the court without a jury, the defendant was adjudged guilty of possession of cannabis and sentenced to four years in the state penitentiary.
On March 31, 1973, the arresting officer, while patrolling with another officer in an unmarked vehicle, observed the defendant and two other persons in a parked car. The officer testified that he saw the defendant, who was sitting in the driver's seat, pick up a clear plastic bag from the area of the dashboard and pass it to the person in the passenger's seat.
The defendant raises two points on appeal: First, that the trial court erred in denying his pre-trial motion to suppress the evidence because there was no probable cause to arrest or search him; second, that the trial court erred in denying his motion for acquittal because there were two other occupants of the car and the State failed to prove ownership of the car or of the bag.
It has been repeatedly held that a valid search of a vehicle may be had without a warrant, if probable cause for the search exists, i.e., facts sufficient to warrant a man of reasonable cause in the belief that an offense is being committed. Whether probable cause existed to make the arrest is to be determined from the facts and circumstances existing at the time viewed through the eyes of the arresting officer; that is, what a reasonable man, knowing all of the facts within the cognizance of the officer, would have believed under all the circumstances. Martin v. State, Fla.App. 1967, 194 So.2d 291.
It has also been held that smell alone is sufficient to constitute probable cause for a subsequent search for marijuana. United States v. Bowman, 487 F.2d 1229 (10th Cir.1973); United States v. Barron, 472 F.2d 1215 (9th Cir.1973); United States v. Campos, 471 F.2d 296 (9th Cir.1972); Fernandez v. United States, 321 F.2d 283 (9th Cir.1963); United States v. Anderson, 468 F.2d 1280 (10th Cir.1972). In the instant case, the observation of the bag and the cigarette being passed, plus the "plain smell" of the burning marijuana are sufficient probable cause to justify the arrest and search of the defendant.
*483 Turning now to the defendant's second contention, we find no error in the trial court's denial of the motion for acquittal. A defendant has constructive possession of contraband when he has knowledge of its presence coupled with his ability to maintain control over it or reduce it to his physical possession. Spataro v. State, Fla.App. 1965, 179 So.2d 873. We are of the opinion that in this case there is ample evidence based upon testimony of the two officers, if not to show actual possession, then at least, to demonstrate constructive possession.
Therefore, for the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.