**STATE of Utah, Plaintiff and Respondent,**

v.

**Neil DIXON, Defendant and Appellant.**

**No. 13649.**

Supreme Court of Utah.

Feb. 11, 1975.

Larry R. Keller, Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was found guilty in the District Court of Salt Lake County of the crime of robbery in the second degree. Defendant is here seeking a reversal.

At about midnight on December 8, 1973, Jack D. Patterson was a clerk employed at a grocery store in Kearns, Salt Lake County, Utah. At that time Patterson was held up and a sum of money taken from the store. Patterson called the sheriff's office and reported the incident and also described the man involved as a black man with a nylon stocking over his face to his nose and wearing a green field jacket and a blue stocking cap. The man was also described as having a scraggly beard and as carrying a .22 caliber pearl-handled revolver. The man fled on foot.

The report of the occurrence and the description of the man was relayed over the sheriff's radio network. David Kelly, a deputy sheriff testified that he was observing traffic at 3500 South Redwood Road when he saw a passenger in an automobile who was black. Deputy Kelly followed the automobile some distance while he awaited for other police vehicles to arrive at the scene. Kelly stopped the vehicle and observed that the driver and the passenger were black men and that the passenger had a scraggly beard and also a green coat. The two men were ordered out of the car and a further search of the vehicle was made and the blue stocking cap and a .22 caliber pearl-handled revolver was found. Defendant was placed under arrest and taken to the sheriff's office.

During the trial the defendant testified in his own behalf and therein stated that he had been to the store which had been robbed during the evening but denied that he had committed the robbery and he also

testified that the revolver found in the vehicle belonged to his grandmother and that it was not in operating condition.

The main thrust of the defendant's appeal is to the effect that items taken from the vehicle on the night of the robbery should have been excluded as being the result of an unlawful arrest. Defendant relies on the case of Wrightson v. United States[1] as supporting his position. However, the facts in that case are dissimilar to the facts in the case before us. In this case the officer relied upon the fact that the defendant fit a general description of a robbery suspect he had received from the sheriff's dispatcher. The officer under the circumstances had probable cause to stop the vehicle and to arrest the defendant.[2] The search of the vehicle having been made in connection with the arrest, it was a lawful search.

The record amply supports the verdict of the jury. The judgment of the court below is affirmed.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.

---

1. 95 U.S.App.D.C. 390, 222 F.2d 556.

2. United States v. Saldana (10th Cir.) 453 F.2d 352.