MAGER, Judge
(dissenting) :
It is with some reluctance that I must respectfully dissent. Although I am satisfied that the evidence reflects that the appellant used the BB gun in the presence of the arresting officer and that the conduct of the arresting officer was both reasonable and proper, I am of the opinion that sec. 790.22, F.S., does not create a criminal offense subjecting a juvenile to arrest and prosecution. If that be the circumstance, it would naturally follow that the marijuana seized from the person of the defendant pursuant to a search incident to such “arrest” must be suppressed as having been illegally seized.
Section 39.03(1) (b) provides that a child may be taken into custody “For a delinquent act, pursuant to the laws of arrest”. A delinquent act presupposes the commission of an act which is a “violation of law”. Sections 39.10(1); 39:12; 39.31.
An examination of sé¿. 790.22, F.S., reflects that the only offense denominated as a crime is specified in sec. 790.22(2) wherein it is declared to be a misdemeanor for an adult responsible for the welfare of *149 any child under the age of sixteen to knowingly permit such child to “use or have in his possession any BB gun”. The language relating to children under sixteen is set forth in subsection (1) of sec. 790.22, as follows:
“(1) The use for any purpose whatsoever of BB guns, air or gas operated guns, or a firearm as defined in § 790.-001 by any child under the age of sixteen (16) years is prohibited unless such use is under the supervision and in the presence of an adult.”
Clearly, the foregoing merely creates a prohibition against the possession and use of a BB gun by a child; it does not create a criminal offense as does the activity proscribed in sec. 790.22(2). As the Supreme Court has pointed out:
“. . . ‘It is the Legislature, not the court, which is to define a crime, and ordain its punishment.’ ... ‘It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms. “There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably within the statute.” ’ ” Bradley v. State, 79 Fla. 651, 84 So. 677, at 679.
The use of the word “prohibited” is not synonymous with “unlawful” so as to give rise to a construction that the activities in question were intended to amount to a crime. Fine v. Moran, 74 Fla. 417, 77 So. 533 (1917).
The basis upon which appellant was arrested and taken into custody was for discharging a BB gun without adult supervision. While we could speculate that the activities and conduct of the appellant might have given rise to his arrest for other offenses, i. e. see sec. 843.02, F.S., see also Porter v. State, Fla.App.1974, 302 So.2d 481, such speculation cannot serve as a basis upon which the search in question can be made valid.
It is therefore my considered opinion that the prohibition in sec. 790.22(1) does not create a criminal offense; the search incident thereto being unlawful, the marijuana seized should have been suppressed. I would therefore reverse the order adjudicating defendant to be a delinquent child which was premised upon the possession of marijuana.