PER CURIAM.
Although the parties have devoted considerable time and effort, here and below, in arguing whether the evidence supports the conclusion that Carlos Duque, the co-tenant with the defendant of the apartment which the police entered, consented to this entry, we find the entry to have been entirely lawful whether Duque consented to it or not. This is so because, as the defendant concedes, Duque was in the lawful custody of the police when, at his request, he was permitted to return to his apartment to retrieve documents showing his immigration status, thus enabling the officers to accompany Duque into his apartment without offending any right of Duque protected by the Fourth Amendment to the United States Constitution. As was held in the factually indistinguishable case of Washington v. Chrisman, 455 U.S. 1, 7, 102 S.Ct. 812, 817, 70 L.Ed.2d 778, 785 (1982) (footnote omitted):
“[i]t is not ‘unreasonable’ under the Fourth Amendment for a police officer, as a matter of routine, to monitor the movements of an arrested person, as his judgment dictates, following the arrest. The officer’s need to ensure his own safety — as well as the integrity of the arrest — -is compelling. Such surveillance is not an impermissible invasion of the privacy or personal liberty of an individual who has been arrested.”
The entry being lawful, as was therefore the subsequent arrest of the defendant upon discovery in plain view of a quantity of cocaine on a living room table, the court’s order suppressing additional cocaine found on the defendant’s person following his arrest is reversed and the cause remanded.
Reversed and remanded.