595 So.2d 1070 (1992)
Barbara WHITING, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00651.
District Court of Appeal of Florida, Second District.
March 13, 1992.
James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine B. Johnson, Asst. Atty. Gen., Miami, for appellee.
PATTERSON, Judge.
The appellant challenges the denial of her motion to suppress a concealed firearm found in her vehicle. We reverse.
Officer William Spitler of the Sarasota Police Department, on regular patrol, received a communication over his police radio "[t]hat somebody had called in anonymously stating that a black female driving a black Cougar was in the area of 20th and Orange and had a firearm in her car." About thirty minutes later, Spitler observed the appellant driving a black Cougar. He activated his emergency lights and stopped her. After ordering the appellant to exit the vehicle, Spitler told her about the anonymous tip. He testified that at that point the appellant said, "I'm going to be honest with you, there's a gun underneath the seat of my car." Spitler arrested her and confiscated the firearm. Spitler further testified that once he had stopped the appellant and prior to her admission, she was not free to go.
The trial court erred in denying the appellant's motion for two reasons. First, the BOLO did not put Spitler on notice as to any criminal conduct. The possession of a firearm in a vehicle is not, in and of itself, a crime. Spitler had no information from which it could be inferred that the firearm was of an illegal type or that it was unlawfully possessed or displayed. *1071 Second, if criminal conduct could be inferred from the tip, Spitler had no independent evidence to corroborate that information. It is not enough merely to corroborate the identity, dress, description, or location of an individual who is the subject of an anonymous tip. Additional independent evidence is required. Cunningham v. State, 591 So.2d 1058 (Fla.2d DCA 1991).
The stop was without any legal justification and, therefore, the appellant's admission and the firearm were unlawfully obtained.
Reversed and remanded.
HALL, J., concurs.
RYDER, A.C.J., dissents.