PER CURIAM.
We hold that appellant’s arrest, search and seizure were lawful; therefore, we reverse the trial court’s order which granted appellant’s motion to suppress and remand for further proceedings.
On July 27, 1994, Sheriffs Deputy Dennis Additon was dispatched to the Swap Shop on Sunrise Blvd. in Fort Lauderdale, based on a complaint called in to the sheriffs office about a subject with a gun in a vehicle. Upon entry at the Swap Shop at about midnight, Deputy Additon contacted a ticket seller, who told him that three black males in a vehicle had driven up to the ticket stop, and that when she was giving them tickets, she observed a handgun on the floorboard of the passenger side of the vehicle. She gave Deputy Additon a description of the vehicle as white and offered a tag number. She then pointed out the theater to which the vehicle had been driven.
Deputy Additon said that two other deputies then arrived, and they decided to approach the vehicle since other patrons were in the area and this presented a threat to their safety. The deputy testified that all three deputies approached, he with his gun drawn; that he placed a spotlight on the vehicle, approaching the passenger side; that he saw in plain view and right behind the passenger’s feet what appeared to be “pistol grips” on the floorboard of the passenger side of the car; and that the passenger then kicked the pistol grips underneath the car seat so as to conceal them. He and the other deputies then had everyone get out and proceed to the rear of the vehicle, whereupon they were placed on the ground and detained. Deputy Additon retrieved the .45 caliber handgun from underneath the passen *1249 ger side. Deputy Additon said that appellee then told him that it was his vehicle and gun.
The trial court relied solely on Whiting v. State, 595 So.2d 1070 (Fla. 2d DCA 1992), in deciding to grant suppression. The Second District Court of Appeal held in that ease that a police officer could not lawfully stop a driver on the basis of an anonymous tip that a black female driver had a firearm in her black car. The court found that the possession of a firearm in a vehicle is not in and of itself a crime. The officer in that ease had no information from which he could infer that the firearm was of an illegal type or that it was unlawfully possessed or displayed. Further, the court said that there was no independent evidence to corroborate the anonymous tip' given to the officer. Therefore, the court found that the stop of the vehicle was illegal, and appellant’s admission after being stopped that she had a firearm in the car, and the firearm itself as evidence, were properly suppressed.
The state persuasively argues that the trial court’s rebanee on this case is misplaced, because the tip from the ticket seller given to the deputies that the firearm was on the passenger side floorboard was not preclusive of a finding that the firearm was unlawfully concealed. See State v. Strachan, 549 So.2d 235 (Fla. 3d DCA 1989)(fact that firearm was on floor of automobile and in open view of police officer who shined flashlight on it after defendant exited automobile did not preclude finding that firearm was illegally concealed). There was corroboration of the tip from the ticket seller when Deputy Additon saw in open view at least a portion of the subject firearm.
Section 790.25(5), Florida Statutes (1993), provides that an adult may possess a concealed firearm inside a private conveyance if it is securely encased and otherwise not readily accessible for immediate use. That was not the case here. Section 790.001(2), Florida Statutes (1993), defines as “concealed firearm” one carried on or about a person in a manner to conceal the firearm from the sight of another. It is fair to conclude that the evidence here gave the deputy probable cause to believe a violation of this statute was taking place by appellee’s sitting by or over a firearm on the floorboard of the subject vehicle. The firearm would not necessarily have been within the sight of another person, even though it was in open view of the deputy shining his flashlight inside the vehicle. See also Ensor v. State, 403 So.2d 349 (Fla.1981).
GLICKSTEIN, STONE and GROSS, JJ., concur.