SHAHOOD, J.
We reverse appellant’s conviction for carrying a concealed firearm, and remand with directions that charges be dismissed.
Officer Search conducted a traffic stop of appellant’s vehicle to investigate a missing license tag. Appellant’s vehicle was not searched during the traffic stop. After the stop had concluded, and Officer Search and appellant were returning to their respective vehicles, Officer Search turned and asked whether appellant had any drugs or guns in the car. Appellant answered the question honestly, informing the officer that there was a gun in the car. At that point, Officer Search returned to appellant’s car, conducted a search, and retrieved the loaded, unholstered weapon from between the center console and the driver’s seat. After the search, the officer learned that appellant did not have a concealed weapons permit, and arrested him.
 The supreme court has delineated three levels of police-citizen encounters. See Popple v. State, 626 So.2d 185 (Fla.1993). The first level, a consensual encounter, involves only minimal police contact. Id. at 186. During a consensual encounter a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them. Id. Because the citizen is free to leave during a consensual encounter constitutional safeguards are not invoked. Id. The second level of police-citizen encounters is an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). During an investigatory stop, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. Id. An investigatory stop involves the Fourth Amendment, and requires a well-founded, articulable suspicion of criminal activity. Id. Mere suspicion is not enough to support a stop. Id. The third level of police-citizen encounters involves an arrest which must be supported by probable cause that a crime has been or is being committed. Id.
In this case, it is undisputed that the traffic stop had concluded and appellant was free to leave. In fact, both men were walking away from each other, to their cars. Thus, at the time that Officer Search asked appellant whether he had a gun in his car, appellant was under no duty to answer the question, as that encounter was merely consensual. The issue on appeal then, is whether appellant’s response that he had a firearm in the car gave rise to a well-founded, articulable suspicion of criminal activity sufficient to justify the search. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We hold that it did not.
A weapons search of appellant’s vehicle would have been justified only if the officer feared for his safety or the safety of others, or if he had a reasonable suspicion of criminal activity. Neither of those scenarios was present here. First, as the trial court ascertained, this is not a situation in which the officer needed to conduct a pat-down search for weapons for his own protection or the safety of others. See Terry. If safety had been a concern, Officer Search would have conducted a pat-down of appellant and searched the vehicle during the traffic stop.
Second, the possession of a firearm in a vehicle is not, in and of itself, a crime. See Whiting v. State, 595 So.2d 1070 (Fla. 2d DCA 1992). In Whiting, a police officer received a communication over his radio concerning an anonymous tip that a black *271 female was driving a black Cougar in a certain area and had a firearm in her car. Id. The officer located the vehicle and activated his lights to stop the vehicle. Id. He ordered the appellant to exit her vehicle, and told her about the anonymous tip. Id. At that point, she said, “I’m going to be honest with you, there’s a gun underneath the seat of my car.” Id. She was arrested and the firearm was confiscated. Id.
On appeal, the Whiting court held that appellant’s motion to suppress should have been granted because the officer had no independent corroboration of criminal activity. Id. He had no information from which it could be inferred that the firearm was of an illegal type or that it was unlawfully possessed or displayed. Id. Since merely possessing a firearm in a vehicle is not, by itself, a crime, the officer did not have a reasonable suspicion sufficient to justify the search of appellant’s vehicle. Id. at 1070-71.
Similarly, in this case, the only information available to Officer Search prior to the search of appellant’s vehicle was that appellant had a firearm in the car. Without additional information, such as whether appellant had a concealed weapons permit, or whether he was a convicted felon, or any other fact which would make appellant’s possession of the firearm illegal, Officer Search did not have a reasonable suspicion sufficient to justify a search of the vehicle. As such, the search was unconstitutional, and the trial court should have granted appellant’s motion to suppress.
REVERSED AND REMANDED.
KLEIN and GROSS, JJ., concur.