791 So.2d 589 (2001)
The STATE of Florida, Appellant,
v.
Jose ALLENDE, Appellee.
No. 3D01-273.
District Court of Appeal of Florida, Third District.
August 15, 2001.
Robert A. Butterworth, Attorney General and Michael J. Neimand (Fort Lauderdale), Assistant Attorney General, for appellant.
Alvarez & Garcia-Montes and Gustavo J. Garcia-Montes, Miami, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
While the defendant was searching in the glove compartment for his registration after a concededly valid traffic stop for driving with an expired tag, Officer Fernandez, as he said he did in every such instance, asked Allende if he had any weapons in the car. Without further prompting, Allende said he had a gun "behind the passenger seat." The officer secured the weapon, a fully loaded handgun with thirteen rounds in the magazine and two additional clips, from within a pocket at the rear of the front passenger seat and removed it from the car. Fernandez then ran a computer check which revealed that Allende was a convicted felon. In the ensuing prosecution for possession of a firearm by a convicted felon and carrying a concealed firearm,[1] the trial judge suppressed *590 the firearm, rounds, and Allende's subsequent statements on Fourth Amendment grounds. The state appeals and we reverse on the holding that there was simply nothing constitutionally wrong with the manner in which the gun, and therefore the other evidence, were secured.
The burden of the defendant's argument, both below and on appeal, is that the officer had no "right" to ask the defendant the question which led to the seizure. This contention is wrong. In the first place, it is highly doubtful that a mere question has any constitutional implications whatever. See I.N.S. v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); United States v. Shabazz, 993 F.2d 431, 436 (5th Cir.1993)("At the outset, we reject any notion that a police officer's questioning, even on a subject unrelated to the purpose of the stop, is itself a Fourth Amendment violation.... Mere questioning ... is neither a search nor a seizure."); Gomez v. State, 517 So.2d 110 (Fla. 3d DCA 1987). Even if arguendo it did, the question was obviously appropriately incidental to the proper conduct of any Terry or traffic stop. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977); U.S. v. Oates, 560 F.2d 45 (2nd Cir.1977); Gomez, 517 So.2d at 110 (officer's question "where are you from," addressed to defendant after a valid traffic stop for lane straddling and suspected DUI, was constitutionally authorized as part of proper conduct of traffic stop); State v. Ruiz, 526 So.2d 170 (Fla. 3d DCA 1988)(officer who had effected valid Terry stop of suspect found at scene of cocaine transaction properly inquired if suspect had a gun), review denied, 534 So.2d 401 (Fla.1988), review denied, 488 U.S. 1044, 109 S.Ct. 872, 102 L.Ed.2d 995 (1989); State v. Williams, 371 So.2d 1074 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 771 (Fla.1980). Indeed, the generalized potential danger presented by even the possibility of a firearm in the car provides constitutional justification for far greater intrusions into the freedom of any driver (or passenger) in a traffic stop than the simple question involved in this case. See Mimms, 434 U.S. at 106, 98 S.Ct. at 330; Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). These authorities apply a fortiori to this case.
It is also clearand the defendant does not seem to argue otherwiseboth that (a) after Allende volunteered that he had a gun, which was concealed in the vehicle, there was probable cause that he had committed the felony of C.C.F. so as to justify an outright arrest and seizure at that point, see Ruiz, 526 So.2d at 170; Williams, 371 So.2d at 1074, and (b) the subsequent computer check which revealed that the defendant had committed the additional felony for which he was also prosecuted was likewise constitutionally appropriate. See United States v. Simmons, 172 F.3d 775 (11th Cir.1999); State v. Bell, 382 So.2d 119 (Fla. 3d DCA 1980).
The trial judge relied for the opposite result upon Leahy v. State, 770 So.2d 269, 270 (Fla. 4th DCA 2000), which held that the firearm in question had been unlawfully seized when, at the conclusion of a traffic stop, the defendant stated in answer to a trooper's question that he had "a gun in the car." Leahy, about which we have serious doubts even on its own facts, is, however, meaningfully distinguishable:
a. First, there was no indication in Leahy that, as here, the firearm was "unlawfully in the car." See Leahy, 770 So.2d at 271 [e.s.](citing Whiting v. State, 595 So.2d 1070 (Fla. 2d DCA 1992) for propositions that officer "had no information from which it could be inferred that the firearm was of an illegal type or that it was unlawfully possessed or displayed. Since merely *591 possessing a firearm in a vehicle is not, by itself, a crime, the officer did not have a reasonable suspicion sufficient to justify the search of appellant's vehicle.") (citation omitted). In this case, in contrast, Allende's statement demonstrated that the gun was concealed in the vehicle and thus that "it was unlawfully possessed." Leahy, 770 So.2d at 271 [e.s.];
b. Moreover, the seizure in Leahy occurred after the stop was over and thus implicated the constitutional prohibition against the improper prolongation of such a detention. See Shabazz, 993 F.2d at 431, supra; compare, e.g., United States v. Holt, 229 F.3d 931 (10th Cir.2000). Here, the question and everything that followed took place during the lawful course of the stop itself. See United States v. Finke, 85 F.3d 1275 (7th Cir.1996); United States v. McRae, 81 F.3d 1528 (10th Cir.1996); United States v. McManus, 70 F.3d 990 (8th Cir.1995); United States v. Crain, 33 F.3d 480 (5th Cir.1994), cert. denied, 513 U.S. 1169, 115 S.Ct. 1142, 130 L.Ed.2d 1102 (1995).
Reversed.
NOTES
[1] Allende was also given a traffic citation for the expired tag.