**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy ARANDA and Virginia Varela de
Aranda, Defendants-Appellants.**

**No. 71-2573.**

United States Court of Appeals,
Ninth Circuit.

March 15, 1972.

George F. Senner, Jr., of Cavness, DeRose, Senner & Rood, Phoenix, Ariz., for defendants-appellants.

Harry Steward, U. S. Atty., Thomas M. Coffin, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Roy and Virginia Aranda, husband and wife, appeal from judgments of conviction on two counts of an indictment charging them jointly (Count One) with smuggling marihuana into the United States, and (Count Two) with receiving, concealing and facilitating the transportation and concealment of marihuana, illegally imported, knowing that it had been so imported, both violations of former 21 U.S.C. § 176a. We affirm.

There was but one occurrence. The Arandas, using the name Gonzalez, purchased a Buick Riviera car in Yuma, Arizona, on July 17, 1970. They had it registered in the name of Armanda Silver. It was then in good condition. In the early morning hours of July 23, the car was driven north on Interstate Highway 5, just north of Oceanside, California. Roy was driving; Virginia and a baby were with him. The car was stopped at an Immigration checkpoint some 65 miles north of the Mexican border and directed off the highway because it was "hanging low in the back." Roy pulled off the road, but then almost immediately drove the car back onto Interstate 5 at a high rate of speed. Two California highway patrolmen pursued it at speeds up to 140 miles per hour and finally stopped it. Almost immediately, two border patrolmen, who had also given chase, arrived. The highway patrolmen by then had the Arandas out of the car. One of the border patrolmen handcuffed Roy. The other, and one of the state officers, went to the car. They detected a strong odor of marihuana. They also found that the trunk could not be opened because the lock was missing. One of the officers drove the car off the freeway to a gasoline service station about two blocks away. There, a screwdriver was borrowed and used to release the catch on the trunk. Inside the trunk was a large quantity of marihuana.

1. *Search and seizure.*

■■ The search of the car was valid. The trunk could have been opened, without probable cause, at the checkpoint. United States v. Foerster, 9 Cir., 1972, 455 F.2d 981. The Arandas' flight added probable cause. Duprez v. United States, 9 Cir., 1970, 435 F.2d 1276. The argument that if the officers had a right to search on the shoulder of the freeway, where it was stopped, they lost that right by moving it off the highway and a distance of two blocks to get a tool with which to make the search is frivolous. The officers had no duty to endanger the lives of all concerned by remaining on the shoulder of a high speed, heavily travelled freeway. They had every right to move the car to a nearby place where the needed tool could be obtained.

2. *Sufficiency of the evidence.*

■ Sentences of both defendants were concurrent. We therefore consider the evidence only in relation to Count Two. As to Roy, it was obviously sufficient. As to Virginia, the case was closer, but we find the evidence sufficient. She and Roy bought the car together, using false names and registering it to someone else. There was a strong odor of marihuana in the car. It was driven with the windows closed. The marihuana was of the type, and packaged in the manner, that usually comes from Mexico. There were Mexican coins in the car. Virginia and Roy each separately told the officers a false story about how they obtained the car, and the two stories were similar. We conclude that the court could find, beyond a reasonable doubt, that Virginia was engaged in a joint venture with Roy, that the marihuana was of Mexican origin, and that Virginia knew it. Eason v. United States, 9 Cir., 1960, 281 F.2d 818, 821, cf. Bettis v. United States, 9 Cir., 1969, 408 F.2d 563, 568; United States v. Nelson, 9 Cir., 1969, 419 F.2d 1237; Corey v. United States, 9 Cir., 1962, 305 F.2d 232, 239.

Affirmed.