**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ricardo Pablo BARRON, Defendant-Appellant.**

**No. 72–1877.**

United States Court of Appeals,
Ninth Circuit.

Jan. 29, 1973.

Luke McKissack, Hollywood, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Lyn I. Goldberg, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before TRASK and CHOY, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM:

Ricardo P. Barron appeals from a judgment of conviction for violation of 21 U.S.C. § 841(a)(1), possession of a controlled substance with intent to distribute. We affirm.

On August 15, 1971, at about 1:40 a. m., appellant, the sole occupant of a 1963 Oldsmobile, approached the Boarder Patrol checkpoint at San Clemente, traveling north. An agent noticed that the car was riding low in the rear, and after observing nothing in the rear seat of the vehicle to account for this, the agent directed appellant to the secondary inspection area. The agent testified that the purpose of this secondary check was to examine the vehicle for illegal aliens, although this purpose was not announced to the appellant.

Appellant pulled over, slowed, and then sped off. Another agent pursued, and approximately one-half mile north, appellant abandoned his vehicle and ran from the roadway. Since appellant's vehicle was still moving, the agent chased and parked that car, and during this time he detected a very strong smell of marijuana from inside the car. A third agent found appellant lying face down in a ditch some fifty yards to the southeast. This agent drove the suspect vehicle to the checkpoint, during which time he also detected the odor of marijuana inside the car.

Appellant was brought back to the Border Patrol office and he responded when asked, that he had no key to the trunk. A trunk key was found in his pocket. Still claiming a search for illegal aliens, a fourth agent opened the trunk and found it full of kilo bricks of marijuana.

■ There is no doubt that if the original stop in this case was justified, the agents had probable cause to search for aliens and for contraband at the time they opened the trunk of appellant's vehicle at the checkpoint. The car was stopped for interrogation because it was hanging low in the rear. Barron's flight, his jumping from the car while it was in motion and attempting to hide face down in a ditch, added probable cause.

---

* Honorable Talbot Smith, Senior United States District Judge, Eastern District of Michigan, sitting by designation.

United States v. Aranda, 457 F.2d 761 (9th Cir. 1972); Duprez v. United States, 435 F.2d 1276 (9th Cir. 1970), to search for aliens.[1] Further, the fact that an agent familiar with the odor of marijuana, smelled such an odor emanating from the automobile when he jumped in to stop it, alone was sufficient to constitute probable cause for a subsequent search for marijuana. United States v. Leazar, 460 F.2d 982 (9th Cir. 1972); Fernandez v. United States, 321 F.2d 283 (9th Cir. 1963).

 The search of the vehicle at the checkpoint rather than at the point on the highway where it was stopped was permissible. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Aranda, *supra*.

The crucial issue is the legality of the original stop. In the present case, there was a clear government interest in preventing and detecting the illegal entry of aliens into the United States. A checkpoint had been set up on Interstate 5, a major north-south highway extending to the Mexican border, at a location where transportation of aliens who had illegally entered the United States was known to occur. The officer had observed an older model car at 1:40 a. m., which appeared to be carrying a heavy load in the rear. We have held that it is constitutionally permissible to detain persons briefly under circumstances not justifying an arrest for purposes of limited inquiry in the course of routine police investigation. United States v. Oswald, 441 F.2d 44, 46 (9th Cir. 1971). From that point on, probable cause to

search developed rapidly and indisputably.[2]

The search for aliens resulting from that probable cause uncovered approximately 600 pounds of contraband in plain view in the trunk compartment. For this obvious law violation the immigration officers had authority to arrest. United States v. Maggard, 451 F.2d 502, 504 (5th Cir. 1971).

Judgment affirmed.

---

1. Appellant relies on a footnote in Wong Sun v. United States, 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 9 L.Ed.2d 441 for his contention that flight does not generate a sufficient basis for inferring probable cause. In light of the Ninth Circuit cases cited in the text, and the fact that the Supreme Court in *Wong Sun* was discussing probable cause for arrest, this contention is rejected.

2. The present case is factually different from United States v. Almeida-Sanchez,

452 F.2d 459 (9th Cir. 1971), *cert. granted*, 406 U.S. 944, 92 S.Ct. 2050, 32 L.Ed. 2d 331 (1972). The situation in *Almeida* involved Border Patrol officers maintaining a random roving check of all vehicles in an area. 452 F.2d 460, 467 n.16, 468.