**STATE of Maine**

v.

**Scott BARCLAY.**

Supreme Judicial Court of Maine.

March 7, 1979.

Thomas E. Delahanty, II (orally), Dist. Atty., Auburn, for plaintiff.

Cloutier & Joyce by Edward S. David (orally), Livermore Falls, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

In the District Court, Barclay was adjudicated to have committed a civil violation by possessing a usable amount of marijuana in violation of 22 M.R.S.A. § 2383 (Supp.1978).[1] His appeal to the Superior Court from such

---

1. 22 M.R.S.A. § 2383 (Supp. 1978) states:

    Possession of a usable amount of marijuana is a civil violation for which a forfeiture of not more than $200 may be adjudged.

adjudication was there denied. He now appeals from such denial.

We deny the appeal.

A court approved stipulation of facts reveals the following. In the early evening of October 30, 1976, Officer Richard Comstock of the Livermore Falls Police Department stopped a vehicle for what he believed was a faulty exhaust system. *See* 29 M.R.S.A. § 1364. As he approached the vehicle, Officer Comstock recognized defendant as the driver, thereby obviating the necessity of verifying defendant's name and address from the license and registration that were offered. At no time was there any question as to the safety of Officer Comstock or the occupants of the vehicle.

Upon arriving at the driver's side of the car, Officer Comstock smelled what he believed was marijuana smoke emanating from the interior of the vehicle. He immediately ordered the occupants out of the car and commenced a nonconsensual search of its interior. In the course of that search, Officer Comstock opened the unlocked glove compartment and found therein a cellophane bag containing two pipes and several *"roaches"*. The bag and its contents were seized. Laboratory analysis later confirmed Officer Comstock's initial belief that it contained a usable amount of marijuana. Defendant was issued a Uniform Traffic Ticket and Complaint for the violation of 22 M.R.S.A. § 2383, a civil violation. *See* 17–A M.R.S.A. § 17 (Supp.1978) and Rule 80H, D.C.Civ.R.

During the proceedings in the District Court, defendant moved to have the marijuana suppressed on the grounds that it was the product of an unlawful search and seizure. *See* 17–A M.R.S.A. § 4(3) (Supp. 1978). The motion was denied and defendant was adjudged to have committed a civil violation. A timely appeal was taken to the Superior Court pursuant to Rules 80H(j) and 73, D.C.Civ.R. Defendant there argued

that the District Court Judge had erred in denying the motion to suppress. Faring no better in the Superior Court than he had in the District Court, defendant now seeks in this court a determination of the legality of the search.

Defendant premises his claim that the search and seizure was illegal on the fact that a civil violation is noncriminal in nature. This, he argues, sets this case apart from the well established body of case law dealing with Fourth Amendment searches and seizures.

■ The contention that the Fourth Amendment applies only to criminal cases has been raised and rejected by both this Court, *see State v. Richards*, Me., 296 A.2d 129 (1972) and the United States Supreme Court, *see Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) (overruling *Frank v. Maryland*, 359 U.S. 360, 79 S.Ct. 804, 3 L.Ed.2d 877 (1959)).[2] As we said in *Richards*,

> [i]t is thus now abundantly clear that even if governmental rummaging about in a citizen's personal belongings lacks the purpose of seeking violation of law for which criminal sanctions are to be imposed, such intermeddling with the privacy of personal beongings [sic] is a *"search"* within the meaning of the Fourth Amendment.

296 A.2d at 134 (footnote omitted). Officer Comstock's search must, therefore, either stand or fall on whether those protections afforded by the Fourth Amendment were violated.

■ It has been noted in cases too numerous to mention that the Fourth Amendment protects against only *"unreasonable"* searches. In determining what is *"unreasonable"* in any given case, we are guided by the principle that

---

2. In both *Richards* and *Camara*, an effort was made to set noncriminal searches apart from those related to a crime, or to suspicion of a crime, in an attempt to justify a search otherwise invalid under the Fourth Amendment. In the present case, defendant seeks to separate criminal and civil searches for the purpose of invalidating a civil search. Despite these factual differences, we find the rationale underlying the *Richards* and *Camara* decisions to be equally applicable here.

*any search is <u>per se unreasonable</u> if it lacks two essentials (1) the existence of probable cause, and (2) the prior determination of such probable cause by a neutral and detached magistrate whose determination is reflected in the issuance of a search warrant—this latter requirement of a search warrant being expendable only if there are exigent circumstances in which procurement of a warrant would have strong likelihood of frustrating the fulfillment of the governmental interest conferring the probable cause to intrude upon the privacy of property.* (emphasis in original).

*State v. Richards, supra* at 135–136.

We have little difficulty in determining that Officer Comstock had probable cause to believe that the vehicle in question contained marijuana. When he arrived at the driver's window, he detected the odor of marijuana smoke emanating from the interior of the vehicle. That odor was sufficient to establish probable cause to search. *See United States v. Garza,* 539 F.2d 381 (5th Cir. 1976); *United States v. Coffey,* 520 F.2d 1103 (5th Cir. 1975); *United States v. Barron,* 472 F.2d 1215 (9th Cir. 1973).[3]

Resolution of the probable cause issue now brings us to the question of whether the warrantless search of defendant's vehicle was proper. Before reaching the basic issue, *i. e.,* the propriety of a *warrantless* search, however, we must first dispose of the threshold question of whether our statutory scheme encompassing civil violations provides for the search, seizure and later introduction as evidence, of material the possession of which can only constitute a civil violation. We find that it does.

17–A M.R.S.A. § 1102(4)(B) (Supp. 1978) specifically denominates marijuana, regardless of the quantity, a schedule Z drug. 17–A M.R.S.A. § 1114 (Supp.1978), in turn, renders all schedule Z drugs *"the unauthorized possession of which constitutes a civil violation under Title 22,"* contraband, thus subjecting them to seizure and confiscation by the State. Finally, Rule 80*I*, M.R. Civ.P.,[4] states:

> [*a*] *warrant may be issued under this rule to search for and seize and schedule Z drug which is declared to be contraband and subject to seizure by 17–A M.R.S.A. § 1114. Rule 41(a)(c)(d)(e)(f) and (g) Maine Rules of Criminal Procedure shall govern the issuance and execution of any warrant authorized by this rule.*

It is thus clear that marijuana, even when its possession can only give rise to a civil violation, *see* 22 M.R.S.A. § 2383, can be the legitimate object of a search warrant, and if found, can be seized and confiscated. As to the question whether the marijuana, once seized, can be introduced as evidence in the civil violation proceedings, we read the negative implication of 17–A M.R.S.A. § 4(3) (Supp.1978), which states in part that

---

**3.** In none of these cases does the Court draw a distinction between the odor of smoked marijuana and that of unsmoked marijuana. Rather, they merely state that the odor of marijuana provides the officer probable cause to conduct a search. We note, however, that a majority of the Justices of the Michigan Supreme Court found such a distinction to be controlling where the officer had only smelled *"burned"* marijuana; *i. e.,* the odor of *"burned"* marijuana was insufficient by itself to provide probable cause to search. *People v. Hilber,* 403 Mich. 312, 269 N.W.2d 159 (1978). In a strong dissent, Justices Williams, Coleman and Ryan found no basis for drawing such a distinction. *See also,* cases cited at 269 N.W.2d 159, 169.

The defendant's position is stated in his brief to be as follows:

> *Defendant has not argued that smell alone cannot constitute "probable cause" since no evidence was developed below either way on*

the officer's training and ability to fairly make such a claim.

Several of the cases holding that the odor of marijuana by itself establishes probable cause to search, premise their holding on some finding of expertise in the officer regarding marijuana detection. *See United States v. Barron, supra; United States v. Leazar,* 460 F.2d 982 (9th Cir. 1972). Since defendant did not raise the issue of probable cause on the grounds of Officer Comstock's insufficient expertise, we must assume for the purposes of this appeal that he possessed sufficient expertise to recognize the odor of marijuana. *Cf., Comber v. Inhabitants of Dennistown,* Me., 398 A.2d 375, 380 n.7 (1979).

**4.** Rule 80*I*, M.R.Civ.P., is made applicable to civil violation proceedings in the District Court by Rule 80*I*, D.C.Civ.R.

"[e]vidence obtained pursuant to an unlawful search and seizure shall not be admissible in a civil violation proceeding arising under Title 22, section 2383," as providing just such authority.[5]

Since we have determined that the search in question would have been proper had Officer Comstock procured a search warrant, the familiar question whether the circumstances surrounding the search were sufficiently exigent to support a warrantless search, arises.

The two leading cases dealing with warrantless searches of automobiles are *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) and *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). In *Coolidge*, the Court noted the difference between a search of an automobile and that of a non-mobile structure:

> there is "a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon, or automobile, for contraband goods, where *it is not practicable to secure a warrant* because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." (emphasis in original).

403 U.S. at 459, 91 S.Ct. at 2034. The effect of such a difference was clearly set forth in *Chambers*,

> automobiles . . . may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided there is probable cause to believe that the car contains articles that *the officers are entitled to seize.* (emphasis added). 399 U.S. at 48, 90 S.Ct. at 1979.

As noted above, marijuana, notwithstanding its new status under 22 M.R.S.A. § 2383, is still contraband and thus subject to seizure.

 We, therefore, hold that Officer Comstock, having probable cause to believe defendant's vehicle contained contraband, was justified in carrying out a warrantless search of that vehicle. It necessarily follows that the fruits of the search were admissible in any subsequent proceedings.

The entry must be:

Appeal denied.

Judgment affirmed.

ARCHIBALD and DELAHANTY, JJ., did not sit.

---

**5.** Defendant argues that the decision not to incorporate subsection (b) of Rule 41, M.R. Crim.P., into Rule 80I, M.R.Civ.P., is significant in determining the use at trial of material subject to seizure as contraband pursuant to 17–A M.R.S.A. § 1114. We disagree. Subsection (b) of Rule 41, M.R.Crim.P., sets forth the permissible grounds for the issuance of a warrant, and thus became superfluous in light of the first sentence of Rule 80I, which sets the scope of search warrants authorized by that rule.