79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard A. GILL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kim Loren MCCAULEY, Defendant-Appellant.
 Nos. 94-30370, 95-30031 and 95-90043.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided March 19, 1996.
 
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kim Loren McCauley and Richard A. Gill appeal the district court's denial of their motions to suppress. Both were convicted following conditional guilty pleas, McCauley for manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1), and Gill for control of a building used in the manufacture of marijuana, in violation of 21 U.S.C. § 856(a)(2). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * A
 
 
 4
 McCauley argues that the search warrant affidavit contained material omissions that were reckless or intentional. We cannot say that the district court clearly erred in finding otherwise after a Franks[1] hearing.
 
 
 5
 That Deputy Walker's affidavit failed to disclose that on 20-30 previous occasions officers weren't able to obtain a "sniff" isn't material to whether they were able to detect an odor of marijuana coming from a metal outbuilding near the mobile home believed to be occupied by McCauley on March 12, 1993. The affidavit did disclose that the premises had been surveilled before, but only referenced the one "sniff." From this the judge could infer that on other occasions, officers did not detect the odor of marijuana.
 
 
 6
 Nor is the fact that the affidavit did not expressly state that McCauley wasn't charged or convicted in connection with the June 1992 traffic stop a material misleading omission. The affidavit stated that both Weltz and McCauley were stopped and arrested and that Weltz pleaded guilty. Given the absence of any reference to McCauley, the judge could infer that unlike Weltz, McCauley wasn't charged and didn't plead guilty.
 
 
 7
 Likewise, failing to recite other possible sources of the marijuana odor was not a material, misleading omission. Moreover, the affidavit reported that McCauley's electric use was "extremely high" compared to that of a neighboring and larger home.
 
 
 8
 McCauley contends that the officers could not have detected the odor of growing marijuana, but the district court's findings that no intentional or reckless omissions were made in this respect is not clearly erroneous. The court found that the affiant and his colleague were seasoned officers with considerable experience investigating "grow" type drug operations. These were not "untrained or inexperienced person[s]" who claimed to have smelled growing and/or harvesting plants. Cf. United States v. DeLeon, 979 F.2d 761, 765 (9th Cir.1992). Although McCauley's expert opined that under the circumstances outlined in the reports the marijuana aroma would have been weak and masked by odors of horse manure, hay, vegetation and smoke, he wasn't there when the officers were; he admitted that growing marijuana has a discernible smell and that fans could blow out a lot of aroma that is built up; and he had never visited McCauley's grow operation and didn't know the size, location, or operating times of the fan in the shed. The district court credited the firsthand observations of the officers, and found that the information set out in the affidavit was plausible and would be sufficient for the judge to determine that probable cause existed. It did not err in doing so. United States v. Barron, 472 F.2d 1215, 1217 (9th Cir.) (probable cause existed where agent, familiar with the odor of marijuana, smelled such an odor emanating from automobile), cert. denied, 413 U.S. 920 (1973); United States v. Kerr, 876 F.2d 1440, 1444-45 (9th Cir.1989) (probable cause existed where there was an anonymous phone call about grow operation, corroborated by officers' subsequent investigation confirming details and officers' smell of odor of fresh marijuana).
 
 
 9
 McCauley's contention that the affidavit did not support a finding of probable cause absent the omissions and false claims of detecting an odor of marijuana fails in light of our conclusion that the district court did not clearly err in finding no culpable omissions or misstatements. The totality of the circumstances support a "fair probability that contraband or evidence of a crime" would be found. DeLeon, 979 F.2d at 764 (citation omitted). In addition to the "sniff," the affidavit stated that McCauley was stopped in June 1992 in a car with marijuana, $15,000 in currency and a loaded weapon were found in his suitcase, an untested confidential informant had given a tip indicating that McCauley was growing marijuana in a metal building adjacent to his mobile home, and the officers had been able to verify various other details provided by the informant prior to applying for the warrant.
 
 B
 
 10
 McCauley argues that the search exceeded the scope of the warrant by including neighboring property not described in the warrant. That the shed housing the marijuana was actually located on the property line of 10822 East Pleasant Prairie Road rather than 10820 East Pleasant Prairie Road does not render the seizure invalid, as McCauley doesn't dispute that the affidavit otherwise described the shed in sufficient detail. United States v. Turner, 770 F.2d 1508, 1511 (9th Cir.1985) (holding that search warrant that contained wrong street address for house to be searched did not violate Fourth Amendment), cert. denied, 475 U.S. 1026 (1986).
 
 II
 
 11
 * In his companion appeal, Gill argues that the validity of the search warrant executed at his residence should be determined under Washington state law. However, federal law applies regardless of whether a state court issued the warrant and a state law enforcement officer signed the affidavit. DeLeon, 979 F.2d at 763 (applying federal law where search warrant was issued by Washington state superior court judge and executed by state officers); United States v. Chavez-Vernaza, 844 F.2d 1368, 1374 (9th Cir.1988).
 
 
 12
 We cannot fault the district court's conclusion that in the totality of the circumstances there was probable cause to search the Gill residence. During the McCauley search, McCauley stated that he occupied only the mobile home and implied that his "neighbors" owned the remaining property, specifically the additional building. 117 growing marijuana plants were found in the metal outbuilding. Records indicated that Gill owned both parcels of land, and that Gill commissioned the construction of and owned the shed housing the grow operation. The affidavit also indicated that from the officers' search inside the metal building it was visible that no vehicles had travelled on the concrete slab and that it had been used only for manufacturing marijuana. Further, on the property McCauley said belonged to his "neighbors," there were electrical heaters, plastic garbage cans, and plastic pots with stickers, all of which were similar to those found in the grow operation. There was also potting soil along the side of Gill's residence. In addition, evidence that Gill had taken out a loan with McCauley showed that there was a business relationship between the two. Finally, a basement window was covered from the inside. This sufficiently connected Gill and Gill's residence with the grow operation.
 
 B
 
 13
 Gill also argues that there were material inaccuracies in the affidavit resulting in the search warrant for his house. The reference in the affidavit to "loans" rather than "loan" was inaccurate but the district court's finding that the mistake was not made intentionally or recklessly is not clearly erroneous. Referring to the "packaging material" instead of "storage bags" and "trash bags," although perhaps a bit of an exaggeration, also was not material to the probable cause finding. Likewise, the implication that Gill knew of McCauley's use of the "Kelly" alias, although perhaps a misstatement, was at most negligent insofar as McCauley's power records were in the name of "James Kelly," and the mailbox on the property Gill owned referred to the name "Kelley." Finally, there was no misstatement about the number of covered windows: The affidavit referred to one covered basement window, not multiple windows.
 
 
 14
 As we conclude that the warrants in each case were supported by probable cause, we need not consider the parties' arguments about whether the officers acted in good faith.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Franks v. Delaware, 438 U.S. 154 (1978)