1998 ME 35

**STATE of Maine**

v.

**Christian F. IRELAND.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1998.

Decided Feb. 25, 1998.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Diane Albert Khiel, Topsfield, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, LIPEZ and SAUFLEY, JJ.

CLIFFORD, Justice.

[¶ 1]  Christian Ireland appeals from a judgment entered in the Superior Court (Penobscot, *Kravchuk, C.J.*) affirming the judgment of the District Court (Millinocket, *Gunther, J.*) finding him guilty of violating 17-A M.R.S.A. § 1103 (Trafficking in Scheduled Drugs, Class D).[1]  On appeal Ireland contends that the District Court erred in admitting evidence obtained from the search of the trunk of the vehicle in which he was an occupant because it was not supported by probable cause and was thus *per se* unreasonable.  We disagree and affirm his conviction.

[¶ 2]  At approximately 9:45 p.m. on June 19, 1996, Millinocket police officers Glidden and James stopped a vehicle driving with its headlights off, and Glidden asked the driver for his license and registration.  When the driver could not produce his license, Glidden ran a check using the driver's name and date

---

1.  Title 17-A M.R.S.A § 1103(1) (Supp.1997) provides in pertinent part:

A person is guilty of unlawful trafficking in a scheduled drug if the person intentionally or knowingly traffics in what the person knows or believes to be a scheduled drug and that is in fact a scheduled drug. . . .

of birth, determined that his license was under suspension, and placed him under arrest. Glidden then asked defendant Ireland and a passenger, Tobi Crosby, to exit the car. Glidden proceeded to search the seats, under the driver's seat, on the floor, and on the console "by flashlight and by hand." Somewhere between five and twenty minutes after initially approaching the driver's window and asking the driver to step out, Glidden detected "a burnt marijuana smell" under the driver's seat which "wasn't the fresh marijuana." He testified that he had training and experience in the detection of marijuana, and that he had no question that the odor was marijuana. After Glidden apprised James of his discovery of the odor, the pair continued to search the passenger compartment, but found no marijuana or any other contraband or incriminating evidence.

[¶ 3] Based on defendant Crosby's statement that she owned the car, Glidden then asked her if there was anything in the trunk. She responded that there was nothing in the trunk and that she had no key. The officers then found a key in the vehicle that opened the trunk. In the trunk the officers found a number of marijuana plants, and the occupants were placed under arrest.

[¶ 4] The State filed a complaint against Ireland for violation of 17–A M.R.S.A. § 1103. Ireland filed a motion to suppress any evidence obtained based upon the search of the vehicle, as well as any statements Ireland made at the scene. After a hearing on the motion and consideration of written briefs, the District Court (Millinocket, *Gunther, J.*) denied the motion to suppress as to the evidence obtained based upon the search of the vehicle. Ireland was tried by the same court and found guilty. The Superior Court (Penobscot, *Kravchuk, C.J.*) affirmed the judgment of the trial court and Ireland appealed to this court.

■ [¶ 5] We review findings of fact for clear error. The legal conclusion that the search of the trunk was supported by probable cause we review independently. *State v. Rizzo,* 1997 ME 215, 704 A.2d 339; *cf. State v. Cefalo,* 396 A.2d at 240 ("[A] trial judge's findings of historical facts on relevant identification issues will be overturned only when clearly erroneous. The legal conclusions drawn from those facts, however, are subject to the independent examination and judgment of the Law Court.").

[¶ 6] Ireland contends that the court erred in denying his motion to suppress by finding that the officers had probable cause to search the trunk of the vehicle. He concedes that the search of the passenger compartment was lawful under *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981) (cited in *State v. Laplante,* 534 A.2d 959, 963 (Me.1987) ("The Supreme Court and this court have held that an officer can search the passenger compartment of a vehicle when an occupant has been lawfully arrested, even if the occupant is outside of the car at the time of the arrest.")). Ireland contends that the search of the *trunk,* however, was an unreasonable search in violation of the Fourth Amendment of the U.S. Constitution and Article 1, section 5 of the Maine Constitution.[2]

■ [¶ 7] Under the automobile exception to the warrant requirement under the fourth amendment of the U.S. Constitution, "the existence of probable cause" justifies a warrantless seizure and reasonable search of a motor vehicle irrespective of the existence of exigent circumstances. *State v. Izzo,* 623 A.2d 1277, 1281–82 (Me.1993) (quoting *United States v. Panitz,* 907 F.2d 1267, 1272 (1st Cir.1990)). Further, Maine and federal courts have consistently held that when probable cause exists to search for contraband, the trunk of a motor vehicle is not categorically immune from search:

> When a legitimate search is under way, and when its purpose and its limits have

**2.** The State correctly points out that the Maine Constitution affords Ireland no greater protection than that afforded under the Fourth Amendment of the United States Constitution. *See State v. Patten,* 457 A.2d 806 (Me.1983) ("[W]e hold that a warrantless search of a vehicle for contraband, that is constitutionally permissible under

the long-established 'automobile exception,' may be validly extended to a container, found in the vehicle, that is capable of containing the contraband. *In this regard we find no reason to construe article I, section 5 of the State Constitution any differently than the fourth amendment of the federal constitution.*") (emphasis added).

been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

*Ross,* 456 U.S. at 821, 102 S.Ct. at 2170 (quoted in *State v. Bouchles,* 457 A.2d 798, 800 (Me.1983)). *See also U.S. v. Infante–Ruiz,* 13 F.3d 498, 502 (1st Cir.1994) ("It is now established that if the police have probable cause to believe that either a vehicle or a container within a vehicle contains contraband, evidence of crime, or other matter that may lawfully be seized, no Fourth Amendment violation occurs when the police open and search the container without a warrant."); *Izzo,* 623 A.2d at 1282 ("[P]robable cause entitles the police to search any containers within the vehicle that might reasonably contain the objects of the search. Since marijuana could have been concealed in the trunk, [the officer] was permitted to search the trunk.") (citations omitted); *Bouchles,* 457 A.2d at 800 ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.") (quoting *U.S. v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982)).

■ [¶ 8] While an enclosed area such as a trunk is not exempt from search, the scope of that search is not unbounded. *See Ross,* 456 U.S. at 821, 102 S.Ct. at 2170 (requiring that the search must be "legitimate" and "its purpose and its limits ... precisely defined");[3] *Izzo,* 623 A.2d at 1282 ("An officer's warrantless search of an automobile must, just prior to the search, be *supported by a*

reasonable belief 'that contraband or evidence of a crime are located in the place to be searched.'") (emphasis added). The First Circuit has recently held that while "[c]ertainty is not required" for probable cause to exist, mere suspicion or "personal belief that probable cause exists," such as when the officer knows that vehicle occupants have "serious drug trafficking records," is not enough to constitute probable cause. *Infante–Ruiz,* 13 F.3d at 502. The fourth amendment requires *"particular facts* indicating that, at the time of search, the vehicle or a container within it carried contraband, evidence of crime, or other seizable matter." *Id.* at 502 (emphasis added). *See also State v. Snow,* 527 A.2d 750, 753 (Me.1987) (probable cause exists when "personal knowledge of facts and circumstances, in combination with any reasonably trustworthy information conveyed to them, would warrant a prudent person to believe that the container seized holds either contraband or evidence of a crime").

[¶ 9] We have thus held that probable cause to search a trunk existed when officers discovered a bag of marijuana on the defendant's person as well as other incriminating evidence. *See Izzo,* 623 A.2d at 1279; *cf. State v. Currier,* 521 A.2d 295, 298 (Me.1987) ("Upon finding marijuana in Currier's pocket, the officer had probable cause to believe that there was marijuana in the car. Accordingly, he could then and there have conducted a warrantless search of the entire vehicle."); *State v. Barclay,* 398 A.2d 794, 797 (Me.1979) (search of car, including glove compartment, was supported by probable cause when officer, upon arriving at the driver's window, "detected marijuana smoke emanating from the interior of the vehicle").

---

**3.** Although *U.S. v. Ross* is often cited for having removed distinctions between searching various parts of vehicles, the U.S. Supreme Court has placed spatial limits on vehicle searches:

Thus, if officers have probable cause to believe that contraband is in only one part of a car, then they are limited to that area. If, on the other hand, officers have probable cause to believe that contraband is located somewhere in a car, but they don't know exactly where, then they can search the entire vehicle.

*United States v. Seals,* 987 F.2d 1102, 1107 (5th Cir.1993) (explaining *U.S. v. Ross,* 456 U.S. at 824, 102 S.Ct. at 2172). In *Seals,* the court held that the discovery of cocaine residue, the defendant's nervousness and false answers, and modification of the rear seat provided the officers with probable cause to believe that additional drugs were contained elsewhere in the vehicle. Since they did not know exactly where in the car the drugs were located, the officers had probable cause to search the entire vehicle, including the trunk. *Id.*

[¶ 10] Federal precedent is not inconsistent. *See United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir.1995); (smell of burned marijuana in car and rolled-up dollar bill with white powder residue and marijuana cigarette on person of defendant established probable cause for search of trunk); *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) (nervousness of occupants and officer's detection of odor of burnt marijuana as he approached driver's window justified search of entire vehicle, including locked compartment in rear of station wagon); *United States v. Loucks*, 806 F.2d 208, 210–11 (10th Cir.1986) (smell of still-burning marijuana cigarette butts and a small bag of marijuana supported trunk search); *United States v. Burnett*, 791 F.2d 64, 67 (6th Cir.1986) (small amount of marijuana on floorboard of passenger compartment provided probable cause to search trunk); *United States v. Hough*, 944 F.Supp. 20, 23 & n. 2 (D.D.C.1996) (smell of marijuana and discarded marijuana cigarettes on floor of car provided probable cause to search entire car including trunk); *State v. Guerra*, 93 N.J. 146, 459 A.2d 1159 (1983) (strong odor of raw unburned marijuana that could not have emanated from small suitcase in an automobile's interior provided probable cause to search trunk for evidence of contraband).

[¶ 11] Because the marijuana odor was neither immediately detectable nor discovered in conjunction with other contraband, Ireland argues that we must follow *U.S. v. Nielsen*, 9 F.3d 1487 (10th Cir.1993). The

court in *Nielsen* held that detection of a burnt marijuana odor in the passenger compartment, *without further corroborating evidence*, does not provide probable cause to search the trunk of the vehicle. *See U.S. v. Staula*, 80 F.3d 596, 603 n. 4 (1st Cir.1996) (citing *Nielsen*, 9 F.3d at 1487).[4] The opinion in *Nielsen*, which is not biding precedent,[5] stated that the smell of burnt marijuana would lead a person of ordinary caution to believe the *passenger compartment* might contain marijuana, but when the search of the passenger compartment revealed no marijuana or related contraband the court did not believe there was a fair probability that the trunk contained marijuana, or that a disinterested magistrate would so hold if asked to issue a search warrant.[6] *See Nielsen*, 9 F.3d at 1491.

▇▇▇ [¶ 12] In Ireland's case, however, the existence of probable cause was supported not only by officer Glidden's detection of the smell of burnt marijuana, but also by the furtive behavior of the occupants in denying that they had a key to the trunk after which the officers readily located one within the passenger compartment. *Cf. Reed*, 882 F.2d at 149 (defendants' nervousness, refusal to make eye contact, and distinct odor of burnt marijuana justified a search of the entire vehicle, including the locked compartment that was a likely place to conceal contraband). Given the facts before the District Court, the denial of Ireland's motion to suppress was not error.

**4.** *Staula* did not deal with a trunk search. The officer "smelled burnt marijuana when he first approached the driver's side window to demand a registration certificate." *Id.* at 599. In holding that probable cause existed to search the entire *passenger* compartment, the court stated:
> The case law is consentient that when a law enforcement officer detects the odor of marijuana emanating from a confined area, such as the passenger compartment of a motor vehicle, that olfactory evidence furnishes the officer with probable cause to conduct a search of the confined area.
*Id.* at 602.

**5.** Ireland contends we must vacate the decision of the District Court because the first circuit, in *Staula*, "implicitly adopted" the *Nielsen* decision. We disagree. *Staula* merely mentions *Nielsen*, in a footnote rejecting the defendant's attempt to use *Nielsen* as a basis to suppress the fruits of a search of the area behind the seat of his pickup

truck. *See U.S. v. Staula*, 80 F.3d 596, 603 n. 4 (1st Cir.1996). The court stated: "Since the aroma of marijuana wafted from the passenger area, that region became fair game for a drug search under the automobile exception to the warrant requirement." *Id.*

Because the *Staula* court considered the area behind the seats to be part of the passenger compartment, any favorable analysis of the *Nielsen* decision is dictum.

**6.** *See State v. Currier*, 521 A.2d 295, 298 n. 1 (Me.1987) (probable cause determination under automobile exception "must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officer.") (citing *United States v. Ross*, 456 U.S. at 808, 102 S.Ct. at 2164).