STATE OF MAINE

KENNEBEC, ss.

NOV 2 2 2000

Clerk of Courts
Kennebec County

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AR-00-003
SKS - KEN - 11\22/0000

MICHAEL MIRANDA,

Petitioner

v.

DECISION ON APPEAL

STATE OF MAINE,

DEC 11 2000

Respondent

This matter comes before the court on the appeal of the petitioner from the adjudication in the Juvenile Court that he committed the offense of trafficking in dangerous knives. This finding was based upon a conditional admission of the juvenile offense following the court's denial of his motion to suppress evidence obtained as the result of a search of his person. Given the procedural status, this appeal is from the court's determination that the search did not abridge his protections from unreasonable search pursuant to the United States and State Constitutions.

## Background

The facts in this matter were essentially stipulated by the parties at the time of hearing on the motion to suppress. Those stipulated facts may be summarized as follows. A law enforcement officer saw a group of three juveniles on a street corner in Waterville, Maine. One of the juveniles was smoking a cigarette. The officer spoke with the juvenile, ascertained that he was not age 18, and then did a pat-down

1

search of the juvenile. As a result of the pat-down search, the officer found a so-called butterfly knife in the juvenile's back pocket. The search was not conducted for officer safety. Instead, the officer conducted the search because he saw the juvenile smoking cigarettes, considered the cigarette to be contraband, and was looking for the remainder of these cigarettes.

Upon finding the illegal butterfly knife, the juvenile was charged with the juvenile offense of trafficking in dangerous knives.

## Discussion

Possession or use of cigarettes, cigarette paper, or other tobacco products by a person under the age of 18 years is prohibited and designated a civil violation. 22 M.R.S.A. § 1555-B(5) & (B). The fact that possession of the cigarettes for which the officer was searching could only result in a civil violation does not prevent applicability of the Fourth Amendment to the United States Constitution. *State v. Richards*, 296 A.2d 129 (Me. 1972). Under the Fourth Amendment, warrantless searches may be legitimately conducted only if there exists probable cause to believe that a crime has been or is being committed and there are exigent circumstances which prevent obtaining a warrant. The petitioner argues that even if the court were to find exigent circumstances (and it does), the fact that possession of cigarettes by a juvenile could never result in any disposition greater than a civil violation prevents this search from being constitutionally permitted.

To answer this question, the State points to the case of *State v. Barclay*, 398 A.2d 794 (Me. 1979), which appears at first blush to resolve the question. *Barclay*

2

was concerned with the search of a motor vehicle for marijuana after an officer detected the smell of marijuana smoke coming from the interior of the vehicle. Possession of at least a small quantity of marijuana is a civil infraction. In the opinion, the Court stated:

> Before reaching the basic issue, i.e., the propriety of a warrantless search, however, we must first dispose of the threshold question of whether our statutory scheme encompassing civil violations provides for the search, seizure and later introduction as evidence, of material the possession of which can only constitute a civil violation. We find that it does.

*Id.* at 797. However, it would be a mistake to read the *Barclay* decision as holding that a search is permitted for <u>any</u> substance which could result in a civil violation. On closer examination, it is clear that the *Barclay* court was dealing only with a substance, marijuana (a schedule Z drug), that the Legislature has specifically declared to be contraband and seizable even if the possession constituted only a civil violation. 17-A M.R.S.A. § 1114. It seems that the "statutory scheme" referenced in *Barclay* is limited to section 1114 rather than all civil violation substances including cigarettes.

The Legislature has not been shy in designating specific items or substances as "contraband" or "seizable." By way of example, in addition to schedule Z drugs just noted, there are illegally taken fish and wildlife and equipment (12 M.R.S.A. § 7907), illegally taken or transported marine organisms (12 M.R.S.A. § 6207), "kiddie porn" (17 M.R.S.A. § 2924), prison contraband (17-A M.R.S.A. § 756), and certain explosives or flammables (25 M.R.S.A. § 2441). It is clear from these statutes that the Legislature has taken on the burden of specifying what substances are to be considered

3

contraband and seizable. It follows that if the Legislature has not made such designation the substance is not seizable contraband and probable cause to believe that an individual has possession would not be a sufficient basis for a constitutionally viable search.

While the Legislature has specifically dealt with the search and seizure issue with regard to even minor amounts of marijuana, it did not do so in enacting the cigarette statute. This may have been an oversight on the part of the Legislature which otherwise has been tough on juvenile smoking. On the other hand, this may have been a deliberate policy choice on the part of the Legislature since the only individuals who could be searched for cigarettes would be those under the age of 18 and even pat-down searches may prove quite traumatic to youngsters. In any event, this is an issue for legislative clarification if it is necessary.

To summarize:

(1)    Fourth Amendment protections are applicable to searches such as those performed on the petitioner;

(2)    A person may be legitimately searched for a substance possession of which can only constitute a civil violation if the Legislature has authorized such search by declaring the substance contraband or otherwise seizable; and

(3)    The Legislature has not made such designation with regard to cigarettes in the possession of juveniles.

Since the officer could not articulate any reason for his search of the petitioner other than looking for the rest of his cigarettes, there was no

4

constitutionally valid reason for the search from the beginning. Since the disclosure of the petitioner's butterfly knife was the result of an unconstitutional search, the Juvenile Court erred in denying the motion to suppress introduction of the knife as evidence.

The entry will be:

Appeal GRANTED; conditional guilty plea is VACATED; REMANDED to the District Court for further action consistent with this Decision.

Dated: November 21, 2000

S. Kirk Studstrup
Justice, Superior Court