**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Patrick Jason DELANEY, Defendant—Appellant.**

No. 05–10759.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Jan. 5, 2007.

Celeste C. Corlett, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Victoria Brambl, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: BRIGHT *, D.W. NELSON, and BERZON, Circuit Judges.

MEMORANDUM **

Defendant Patrick Jason Delaney was convicted of possession with intent to distribute 255 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Delaney moved to suppress the evidence of drugs on the ground that the stop of his vehicle, which resulted in a search and the discovery of marijuana in a locked container atop his vehicle, was not supported by reasonable suspicion. He argued in the alternative that even if the stop was reasonable and he consented to the search, the officer exceeded the scope of his consent by prying open the locked container.

At trial, Delaney contended that he did not know about the marijuana and, thus, did not possess it with the intent to distribute it. His key witness in this regard was Nicole Blodgett, his girlfriend. Blodgett testified at length about the events that led to the traffic stop. The government objected repeatedly to Blodgett's testimo-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ny, arguing that many of her answers were inadmissible hearsay. The district court sustained some of these objections and precluded Delaney from relating at least six statements. Delaney argues that these evidentiary decisions were error and, without the ability to put the statements before the jury, he was barred from presenting an effective defense.

We affirm.

■ 1. The police officer had reasonable suspicion to stop the car based on: the location of the car very near the border; the timing of its travel in the border area during the period when border agents change shifts and are likely to be less attentive; the indications that the car had recently crossed the border at other than the designated border crossing; the fact that the vehicle—an SUV with a large luggage carrier—is of the type often used to smuggle narcotics; and the occupants' purported birdwatching accomplished by pointing opera glasses at the sky while driving at fifty miles per hour. These factors, taken together, provided the officer with a particularized and objective basis for suspecting legal wrongdoing. *See United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

With regard to the search, we doubt that there was consent to search the locked luggage carrier that held the drugs. *See United States v. Shaibu,* 920 F.2d 1423, 1426 (9th Cir.1990). Nonetheless, there was adequate probable cause to search the carrier due to the odor of marijuana and the alerting of the drug-detecting canine. *See United States v. Barron,* 472 F.2d 1215, 1216 (9th Cir.1973). Probable cause was sufficient for the search under the automobile exception; a warrant was not necessary. *California v. Acevedo,* 500 U.S. 565, 579, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

■ 2. The second question in the case concerns the exclusion of the defendant's purported statements at a certain point in the trial. Without determining whether the statements were hearsay, we conclude that the excluded statements neither prevented Delaney from putting on his defense nor were important to that effort. At best, they were cumulative and, given the extensive amount of evidence presented against him, their exclusion was harmless beyond a reasonable doubt.

The basic story came out through Blodgett's testimony, which covered the events both before and after Delaney took over driving the Escalade. The excluded statements themselves were not particularly illuminating or helpful to Delaney's defense for the very reason that they are asserted not to be hearsay—they do not with any specificity explain what was happening but are mostly in the form of questions. *See United States v. Bishop,* 291 F.3d 1100, 1108 (9th Cir.2002). It was plain from Blodgett's testimony (if believed) that Delaney had no knowledge of the drug smuggling plan and was under duress when he crossed the border. The jury, however, chose not to believe that version of events. There is no reason to conclude that the jury would have found Blodgett's embellishments using words purportedly spoken by Delaney any more credible. Because any error by the district court was harmless, Delaney's evidentiary objections fail.

**AFFIRMED.**