A True Copy

Attest: _[signature]_

Clerk of Courts

STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT
PORTLAND
Docket No. CD-CR-16-1094

STATE OF MAINE )
)
v. )
) ORDER ON MOTION TO SUPPRESS
)
DAVID ALEXANDRE )
)
Defendant )

A hearing was held on Defendant's Motion to Suppress on September 20, 2016. Assistant District Attorney Carlos Diaz appeared on behalf of the State. Attorney Eric Thistle appeared on behalf of Defendant. The court heard testimony from Maine State Trooper Anthony Keim and admitted several exhibits into evidence, including a video recording of the traffic stop leading to Defendant's arrest.

Defendant's motion raises an issue of first impression: the effect of Maine's statutory authorization of medical marijuana[1] on the law governing vehicle searches. Having considered the evidence and counsel's oral argument, the court's findings and conclusions are as follows:

Trooper Keim testified that he was patrolling the highway in the Scarborough area when he noticed an SUV rapidly approaching in the right lane. Without signaling, the SUV abruptly crossed into the middle lane and then into the left lane, squeezing between two cars, and crowding the car in front so that there was less than a car-length between them. Radar showed the SUV to be traveling at 77-78 mph and accelerating up to 86 mph. Trooper Keim pulled the SUV over and approached the passenger side to speak with the vehicle's only occupant, the driver, identified as Defendant David Alexandre. Trooper Keim testified that he smelled the odor of marijuana coming from the SUV's interior, and observed a jar on the passenger floor that appeared to contain marijuana. Asked by Trooper Keim "when was the last time you smoked marijuana?" Defendant answered, "earlier this afternoon." Noticing that Defendant's "facial expressions looked droopy, tired," Trooper Keim remarked "It looks like you've been smoking more recently by looking at you." Defendant then showed the Trooper his medical marijuana

---

[1] The statutory scheme governing medical marijuana is set forth in the Maine Medical Use of Marijuana Act, 22 M.R.S. § 2421 *et. seq.*

authorization card, a copy of which was admitted as State's Exhibit 2. Asked "do you have more marijuana in the car?" Defendant answered "yes, a little bit, in jars."

Trooper Keim did a pat-down search of Defendant, during which Defendant told him that he had smoked marijuana "earlier that morning." A search of the SUV's followed, during which Trooper Keim found marijuana in excess of the amount authorized by Defendant's medical marijuana card.

Attorney Thistle argued on behalf of Defendant that Trooper Keim had no legitimate basis for searching Defendant's vehicle once he was shown Defendant's medical marijuana card. According to this line of argument, because Defendant was authorized to have up to 2.5 ounces (approximately 70 grams) of prepared marijuana,[2] Trooper Keim, having observed only a meager 8.4 grams on the passenger side floor, had no basis for believing that Defendant had contraband in his vehicle, such that the search violated Defendant's constitutional rights, requiring suppression of the evidence seized.

The court's analysis starts with the automobile exception, which the Law Court, citing U.S. Supreme Court decisions, has recognized as an exception to the warrant requirement. Pursuant to the automobile exception, "the existence of probable cause justifies a warrantless seizure and reasonable search of a motor vehicle irrespective of the existence of exigent circumstances." *See, e.g., State v. Ireland*, 1998 ME 35, ¶ 7, 706 A.2d 597 (citing, among others, *U.S. v. Infante- Ruiz*, 13 F.3d 498, 502 (1st Cir. 1994) ("It is now established that if the police have probable cause to believe that either a vehicle or a container within a vehicle contains contraband, evidence of crime, or other matter that may lawfully be seized, no Fourth Amendment violation occurs ....")).

While acknowledging the automobile exception, Attorney Thistle argues that the search of Defendant's vehicle does not fall within the exception because Defendant's possession of a medical marijuana card negates any suggestion of probable cause.

The Maine Law Court has not addressed Defendant's argument. Because of the absence of Maine precedent, ADA Diaz directed the court's attention to cases from California. In *People v. Strasburg*, 56 Cal. Rptr. 3d 306, for example, the court reasoned:

---

[2] *See* 22 M.R.S. § 2423-A(1)(A) ("Except as provided in section 2426, a qualifying patient may [p]ossess up to 2 1/2 ounces of prepared marijuana and an incidental amount of marijuana as provided in subsection 5").

2

Defendant contends that because he immediately produced a doctor's prescription for marijuana, thus identifying himself as a qualified patient under the Act, Deputy Mosely was made aware that defendant could possess up to eight ounces of marijuana – and thus had no grounds to detain him, frisk him, or search his car....

Under the facts and circumstances of this case, Deputy Mosely had probable cause to search defendant's car for marijuana after he smelled the odor of marijuana. Defendant admitted smoking marijuana, and the deputy sheriff saw another bag of marijuana in the car after defendant handed him one. Armed with the knowledge that there was marijuana in the car, "a person of ordinary caution would conscientiously entertain a strong suspicion that even if defendant makes only personal use of the marijuana found in the passenger area, he might stash additional quantities for future use in other parts of the vehicle, including the trunk."

The fact that defendant had a medical marijuana prescription, and could lawfully possess an amount of marijuana greater than Deputy Mosely initially found, does not detract from the officer's probable cause. [T]he Act provides a limited immunity – not a shield from reasonable investigation.

*Id.* at 310-11 (internal citations omitted). *See also People v. Waxler*, 168 Cal. Rptr. 3d 822:

That California has decriminalized medicinal marijuana in some situations and has reduced the punishment associated with possession of up to an ounce of marijuana does not bar a law enforcement officer form conducting a search pursuant to the automobile exception. Here, Deputy Griffin was entitled to investigate to determine whether appellant possessed marijuana for personal medical needs and to determine whether he adhered to the CUA's limits on possession. "Otherwise, every qualified patient would be free to violate the intent of the medical marijuana program...and deal marijuana from his car with complete freedom from any reasonable search." Deputy Griffin testified at the preliminary hearing that people often possess more marijuana than allowed under the CUA and "hide" additional quantities of marijuana in their vehicles. It is well settled that even if a defendant makes only personal use of marijuana found in the passenger compartment of a car, a police officer may reasonably suspect additional quantities of marijuana might be found in the car.

. . .

We hold a law enforcement officer may search a vehicle pursuant to the automobile exception to the warrant requirement where the officer smells burnt marijuana and sees burnt marijuana in the defendant's car. The automobile exception is not limited to situations where the officer smells or sees more than 28.5 grams of marijuana in the vehicle; the observation of any amount of marijuana – which is currently illegal to possess except as authorized by the CUA -- establishes probable cause to search pursuant to the automobile exception.... [W]e also conclude the possession of a 215 card does not preclude a warrantless

automobile search where there is probable cause to believe the vehicle contains contraband or evidence of a crime.

*Id.* at 830-32 (internal citations omitted).

The court understands that Massachusetts courts have held that since the legislative change making possession of one ounce or less of marijuana a civil, rather than a criminal, infraction, "the smell of burnt marijuana alone does not provide probable cause to believe that there is evidence of a specific crime or a criminal amount of contraband – *ie.*, more than one ounce of marijuana – in a vehicle." *Commonwealth v. Daniel*, 985 N.E.2d 843, 848 (Mass. 2014) (citing *Commonwealth v. Cruz*, 945 N.E.2d 899, 913 (Mass. 2011).

The Massachusetts cases are distinguishable,[3] however, as in this matter the Trooper's assessment of probable cause was not predicated on the smell of marijuana alone. On the contrary, Trooper Keim observed Defendant speeding and making dangerous and unsignaled lane changes. After stopping Defendant's vehicle, he saw a jar with marijuana in plain view on the passenger side floor. Defendant gave inconsistent answers when asked for the time he had last smoked marijuana, and admitted that he had more marijuana in the vehicle. While in *Daniel* the Massachusetts court noted that "[a]t no time did the prosecutor suggest that the search was justified because [defendant] was driving while under the influence of marijuana .... Nor did the prosecutor elicit testimony at the hearing which would have supported such a claim," *id.* at 846, there is ample evidence in this matter to support a finding of probable cause to believe that Defendant was committing the offense of OUI.

The court finds, in sum, that Defendant's status as a medical marijuana cardholder does not immunize him from a vehicle stop supported by reasonable articulable suspicion of impaired driving and a vehicle search supported by probable cause. The Medical Use of Marijuana Act itself expressly provides that it "does not permit any person to [o]perate, navigate or be in actual physical control of any motor vehicle ... while under the influence of marijuana ...." 22 M.R.S. § 2426(1)(D). Were the law otherwise, "every qualified patient would be free to violate the intent

---

[3] The Massachusetts cases are further distinguishable by the fact that the Maine Law Court's formulation of the automobile exception does not require a showing of probable cause to believe that Defendant possesses a *criminal* amount of contraband. *See, e.g., State v. Ireland*, 1998 ME 35, ¶ 7, 706 A.2d 597 (automobile exception applies where police have probable cause to believe that vehicle contains "contraband, evidence of crime, or other matter that may lawfully be seized") (citations omitted).

of the medical marijuana program ... with complete freedom from any reasonable search."
*People v. Strasburg, supra*, 56 Cal. Rptr. 306, 311.

Having considered Defendant's argument, the court finds that in the circumstances of this case the search of Defendant's vehicle was justified by probable cause notwithstanding his possession of a medical marijuana card.

It is accordingly hereby ORDERED that Defendant's Motion to Suppress is DENIED.

DATED: 10/4/16

E. Mary Kelly
Judge, Unified Criminal Court

5