[Cite as *State v. Fogel*, **2012-Ohio-1960.**]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 11-CA-97 |
| ADEN FOGEL | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Municipal
                                Court, Case No. 10CRB02691

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         April 19, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JONATHAN C. DIERNABCH                   DANIEL G. WIGHTMAN
Assistant Law Director                  Daniel G. Wightman Co. LPA
40 W. Main St.                          158 Lear Rd., Suite A
Newark, Ohio 43055                      Avon Lake, Ohio 44012

*Hoffman, J.*

{¶1}  Defendant-appellant Aden Fogel appeals the June 17, 2011 Judgment Entry entered by the Licking County Municipal Court denying his motion to suppress evidence.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}  On August 23, 2010, Ohio State Highway Patrol Trooper Aaron J. Reimer observed Appellant travelling in a vehicle at a high rate of speed, approximately 77 miles per hour in a posted 55 mile per hour zone.  Trooper Reimer proceeded to initiate a traffic stop.  Trooper Reimer asked Appellant to exit his vehicle.  Trooper Reimer placed Appellant in the back of his patrol car in order to be better able to hear Appellant's responses and conduct the business of writing a traffic citation.  While Appellant was in the patrol car, Trooper Reimer detected an odor of raw marijuana coming from Appellant.  Upon inquiry, Appellant admitted to smoking marijuana earlier in the day.

{¶3}  Trooper Reimer then approached the passenger side of Appellant's vehicle and inquired of Appellant's passenger to confirm Appellant's version of events. Trooper Reimer noticed an odor of marijuana coming from inside the vehicle also.  The passenger gave a conflicting story to the events of the day, and the officer proceeded in conducting a search of the vehicle, beginning with the driver's compartment.  On the floor boards of the vehicle a small amount of green leafy material consistent with raw marijuana was found.  A large amount of cash was also found in center glove box. Trooper Reimer testified at the suppression hearing the "little bit" of marijuana on the floorboards was not enough to explain the definite odor of marijuana he detected in the

vehicle. Tr. At 9. The officer then proceed to search the trunk of the vehicle, finding 4 Sony DVD players; 2 boxes having their UPC's scratched out. The DVDs were later confirmed stolen from local retailers.

{¶4} Thereafter, Appellant was charged with theft by deception, in violation of R.C. 2913.02(A)(3); possessing criminal tools, in violation of R.C. 2923.24; and tampering with evidence, in violation of R.C. 2921.12.

{¶5} On March 10, 2011, Appellant filed a motion to suppress the evidence seized incident to the warrantless search of the vehicle, including the passenger compartment and trunk area. On March 18, 2011, the state of Ohio filed a response to Appellant's motion.

{¶6} Via Judgment Entry of June 17, 2011, the trial court denied Appellant's motion to suppress.

{¶7} On September 20, 2011, Appellant entered a plea of no contest to the charges, and the trial court proceeded in sentencing Appellant.

{¶8} Appellant now appeals assigning as error:

{¶9} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE RESULTING FROM THE UNCONSTITUTIONAL SEARCH OF APPELLANT'S VEHICLE."

{¶10} Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 154–155, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap,* 73 Ohio St.3d 308,314, 1995–Ohio–243, 652

N.E.2d 988; *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long,* 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998); *State v. Medcalf,* 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara,* 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist 1997); See, generally, *United States v. Arvizu,* 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas,* supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas,* supra at 698, 116 S.Ct. at 1663.

{¶11} Appellant argues the trial court erred in allowing the evidence of an unconstitutional search of his vehicle. Appellant relies on the Ohio Supreme Court holding in *State v. Farris,* 109 Ohio St.3d 519, 2006-Ohio-3255,

{¶12} In *Farris*, the Supreme Court held:

{¶13} "A trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches. In *State v. Murrell* (2002), 94 Ohio St.3d 489, 764 N.E.2d 986, syllabus, this court held that '[w]hen a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the *passenger compartment* of that

automobile.' (Emphasis added in original) The court was conspicuous in limiting the search to the passenger compartment.

{¶14} "The odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle. *United States v. Nielsen* (C.A.10, 1993), 9 F.3d 1487. No other factors justifying a search beyond the passenger compartment were present in this case. The officer detected only a light odor of marijuana, and the troopers found no other contraband within the passenger compartment. The troopers thus lacked probable cause to search the trunk of Farris's vehicle. Therefore, the automobile exception does not apply in this case."

{¶15} In *State v. Whatley*, 2011-Ohio-2297, this Court held:

{¶16} "We find this case to be distinguishable from *Farris.* In this case, the officer testified that he has participated in numerous arrests involving marijuana and he is familiar with the appearance and characteristics of marijuana. Based on his training and experience, it was immediately apparent to the trooper that it was marijuana in the door handle of the car.

{¶17} "The Ohio Supreme Court has recognized that '[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement.' *State v. Moore,* 90 Ohio St.3d 47, 51, 2000–Ohio–10 (holding that the odor of marijuana justified an automobile search). Additionally, in *State v. Greenwood,* 2nd Dist. No. 19820, 2004–Ohio–2737, the court noted that an officer's observation of marijuana on the passenger seat and floorboard

gave him probable cause to believe that the vehicle contained contraband. Therefore, he was entitled to search the entire vehicle, including the trunk and its contents. *Greenwood,* supra, at ¶ 11, citing *United States v. Ross* (1982), 456 U.S. 798, 102 S.Ct. 2157, 72 L .Ed.2d 572.

**{¶18}** "Similarly, we find that in the present case, Trooper Wilson had sufficient probable cause to search the trunk of the vehicle. He smelled burnt marijuana and found marijuana in the passenger compartment of the car in plain view. In addition, Appellant gave him a false name, and the driver of the vehicle made an attempt to get into the trunk as she was walking towards Trooper Wilson's cruiser."

**{¶19}** In *State v. Gonzales,* 2009-Ohio-168, the Sixth District held:

**{¶20}** "In contrast, the odor of raw marijuana provides different probable cause than the odor of burnt marijuana. In fact, *Nielsen,* upon which *Farris* relied, examined cases where officers had probable cause to search a vehicle's trunk after the officer smelled raw marijuana. The odor of raw marijuana-especially an overwhelming odor of raw marijuana-creates probable cause to believe that a large quantity of raw marijuana will be found. An officer may rationally conclude that a large quantity of raw marijuana would be located in a vehicle's trunk. *United States v. Ashby* (C.A.10, 1988), 864 F.2d 690; *United States v. Bowman* (C.A.10, 1973), 487 F.2d 1229. Following *Nielsen,* the Tenth Circuit again specifically held that the odor of raw marijuana created probable cause to search the trunk of a vehicle. *United States v. Frain* (C.A.10, 1994), 42 F.3d 1407 (table).

**{¶21}** "Contrary to Gonzales' argument, there is no 'trunk exception' in Ohio. If, during a valid stop, an officer qualified to recognize the smell of raw marijuana detects

an overwhelming odor of raw marijuana, the officer is justified in believing that the vehicle contains a large amount of raw marijuana. If no large amount of raw marijuana is seen in the passenger compartment, the officer is justified in believing that a large amount of raw marijuana may be found in a container or compartment-including the trunk. *Farris* explicitly limited the 'trunk exception' to cases where an officer smells burning marijuana-and no other indicators exist which would constitute probable cause to suspect the trunk contained contraband.

{¶22} "Therefore, the state's and Gonzales' argument over whether the cargo area of the Jeep constitutes a trunk is beside the point. We need not decide whether the Jeep's cargo compartment constitutes a 'trunk' pursuant to a *Farris* analysis. *Farris* and the cases upon which it relies are based on the rule that probable cause to search an automobile is 'defined by the object of the search and the places in which there is probable cause to believe it may be found.' *United States v. Ross,* 456 U.S. at 824. True, the cargo area of the Jeep was covered by a factory-installed tarp, which indicates a desire for privacy. However, given the description of the cargo area, the smell of a large amount of raw marijuana, concealed in the cargo area, may well have easily emanated into the passenger compartment.

{¶23} "Gazarek testified that he smelled an overwhelming odor of raw marijuana. He also smelled fabric softener, which, in his experience, narcotics traffickers use to mask the smell of large amounts of marijuana. He testified that marijuana is an 'odiferous plant.' The trial court found him qualified and experienced in identifying the odor of raw marijuana. We will not disturb this factual finding on appeal. *State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583. Under the totality of the

circumstances, the strong smell of raw marijuana in the passenger compartment gave Gazarek probable cause to believe that the vehicle contained a large amount of marijuana and that it must have been concealed in the Jeep's cargo area. The seizure of the marijuana inside the duffel bags, located inside the Jeep's cargo area, was not improper."

{¶24} In line with this Court's decision in *Whatley, supra,* and the Sixth District's holding in *Gonzales*, *supra*, we find the odor of raw marijuana on Appellant's person while sitting in the Trooper's vehicle, coupled with his admission to smoking marijuana earlier in the day, together with the odor of raw marijuana emanating from the passenger side of the vehicle, while only a small amount was discovered, provided probable cause in accordance with the Trooper's experience for the search of the driver's compartment as well as the trunk area of the vehicle.  The trooper's testimony the small amount of marijuana discovered on the floorboards was insufficient to explain the detected odor of raw marijuana emanating from the vehicle is crucial to our decision the officers were justified in searching the trunk of the vehicle in addition to the driver's compartment.  The trial court did not err in overruling Appellant's motion to suppress the evidence.

**{¶25}** Appellant's sole assignment of error is overruled.  The June 17, 2011 Judgment Entry of the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ADEN FOGEL | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-97 |

For the reason stated in our accompanying Opinion, the June 17, 2011 Judgment

Entry of the Licking County Municipal Court is affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER